EAU CLAIRE-ST. LOUIS LUMBER COMPANY v. FRANK H. GRAY, et al., Defendants, KATIE M. ROEDER et al., Appellants.

### St. Louis Court of Appeals, October 31, 1899.

1. **Mechanics' Lien**: ACCOUNT. The inadvertent or unintentional misstatement of some of the items in a lien account does not vitiate the whole account, nor prevent the obtention of a lien for the items which are correctly stated.

2. ———: ———: CONTRACT WITH COPARTNERSHIP. A contract made with a firm is in legal effect one made with each member of the firm.

3. ———: ———: ———: STATUTORY CONSTRUCTION. All that section 6705 Revised Statutes of Missouri require to entitle a mechanic to a lien for material used in the construction of a building, is that it shall have been erected upon land belonging to the party to the contract with the mechanic.

4. ———: ———: ———: ———. The object of this statute was remedial and intended to do away with the necessity of filing liens against each building for the amount of material used in each under a general contract.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*E. P. Johnson* and *Byron Woodward* for appellants.

(1) The allegation of ownership is material, as without a contract with the owner of the land there can be no lien. Planing Mill v. Christophel, 60 Mo. App. 106; Duross v. Broderick, 1 Mo. App. Rep. 301; secs. 6705 and 6709 R. S. Mo. 1889; Boisot on Mechanics' Liens, sec. 379. And it must be proved as alleged, and not otherwise. McAdow v. Miltenberger, 75 Mo. App. 346, and see Hilliker v. Francisco, 65 Mo. 598. (2) That portion, at least, of the statute

giving the lien is in derogation of the common law, and is to be strictly construed. Phillips on Mechanics' Liens, sec. 369a; Bayard v. McGraw, 1 Ill. App. 134; Fitzgerald v. Thomas, 61 Mo. 499; Fitzpatrick v. Thomas, 61 Mo. 512 and 515; Lemley v. La Grange Iron & Steel Co., 65 Mo. 545; Fitzpatrick v. Thomas, 76 Mo. 513; Walden v. Robertson, 120 Mo. loc. cit. 42. And courts can not extend the lien to cases not provided for in the statute. Phillips on Mechanics' Liens, sec. 15. (3) A lot of land under section 6705, Revised Statutes of Missouri 1889, is a lot as bounded or described on the recorded plats of cities, towns or villages, or as subdivided by conveyances or other acts done by the owners of them, for that purpose. Fitzgerald v. Thomas, 61 Mo. 500, 501; Bulger v. Robertson, 50 Mo. App. 499.

*Rudolph Schulenburg* for respondents.

A mechanic, who has mingled in his lien account items for material which was not in fact used in the building sought to be charged, but which he with good ground believed to have been thus used, will not by reason thereof be debarred from the enforcement of his lien in other respects. Johnson v. Building Co., 23 Mo.App. 549; Fuller v. Hoffman, 28 Mo. App. 671; Schroeder v.Mueller, 33 Mo. App. 28; Schulenburg v. Strimple, 33 Mo. App. 154; Allen v. Mining Co., 73 Mo. 688; Ittner v. Hughes, 133 Mo. 679. A mechanic's lien suit forms no objection to the general rule that a party may withdraw a part of his original claim, there being evidence that the lien claim was made in good faith. (2) Plaintiff's statement of mechanics' lien is valid, although the account for lumber furnished on all the buildings does not apportion the lumber among the six houses on the several lots, as to what was used on each house. It is admitted in this case that the lumber sued for was furnished under one general contract on separate buildings erected upon contiguous lots, the lots and buildings belonging to the same parties when the contract

was made and the lumber was furnished. The case is thus clearly brought within section number 6729 of the Revised Statutes of 1889, which is a re-enactment of Act 1877, page 297. Before the passage of this act it was held by our supreme court, in 61 Mo. 512; Fitzpatrick v. Thomas (1876), that a joint or single lien filed on a number of separate houses, situated on contiguous lots, for the aggregate value of all the materials on all the houses, was invalid, although the materials were furnished under one contract.

BOND, J.—This is an action brought by a materialman to enforce a mechanic's lien against three lots and a portion of a fourth lot in this city—all contiguous—and the improvements thereon, to which the owners and certain encumbrancers are made party defendants. A judgment was had for $2,432.36, and a lien therefor established against six houses built upon the lots. Some of the defendants appealed.

· The first error assigned relates to the ruling of the court in permitting respondent to enter a credit on the lien account upon the following statement: "That lumber aggregating $305.24 as charged, described in five of said shipping tickets, was delivered at the planing mill of said firm (Frank H. Gray & Bro.), as shown on the face of said tickets, and that it had no evidence to show that the same was delivered at said premises, or used in the construction of said buildings." It being insisted by appellant that this voluntary credit so given by respondent was known by it to have an unjust element in its lien account when the same was filed. The evidence on the trial showed that the entire lien account, consisting also of the items for which the credit was afterward entered, was for material, all of which had been ordered by the owners to be used in the construction of the improvements sought to be charged in this case. It further appeared that those items comprising said credit were shown to have been delivered by respondent at the mill in order to be surfaced there and then

forwarded to the buildings, and that all the other items of the lien account were delivered to the buildings direct and were used in their construction. This proof did not show conclusively that respondent knew its lien account was not "just and true" when it was filed. At most it afforded an inference of such knowledge, hence there was no error in the ruling of. the court permitting respondent to give said credit during the course of the trial and the subsequent submission to the jury of the issues as to such knowledge on the part of respondent, which was explicitly stated to the jury in instruction number 2, given on behalf of respondent, the rule being clear and well settled that an inadvertent or unintentional misstatement of some of the items in a lien account does not vitiate the whole account, nor prevent the obtention of a lien for the items which are correctly stated. Hydraulic Press Brick Company v. McTaggart, 76 Mo. App. loc. cit. 353; Ittner v. Hughes, 133 Mo. 679. As there was ample evidence that the overcharge in the lien account for which respondent subsequently gave credit, was the result of a mere mistake on its part entirely consistent with good faith, there was also no error in the refusal by the court of certain instructions requested by appellant which omitted to submit to the jury the question of the intent of respondent in filing its lien account.

Appellant also claims that the general contract under which the material was furnished for the improvements in question, were shown by the evidence to have been made with the partnership of Frank H. Gray & Bro., and that the evidence also showed that the members of such firm held the legal title to the land upon which the improvements were erected, and therefore (as appellant thinks) there is no evidence to show that the contract with respondent was made by the owners of the land. There is no merit whatever in this contention. A contract made with a firm is in legal effect one made with each member of the firm. All the statute

requires to entitle a mechanic to a lien for material used in the construction of a building, is that it shall have been erected upon land belonging to the party to the contract with a mechanic. R. S. 1889, sec. 6705. It is too clear for discussion that a contract made with a firm, the members of which are owners of the property, is a contract with the owner in the statutory sense.

It is further insisted by appellant that although section 6705 of the Revised Statutes of Missouri 1889 permits a lien claim which accrued under a general contract for constructing buildings on contiguous lots to be enforced, yet no such lien can be established unless the lien account shall specifically apportion to each building the amount of the material used in its construction. The section of the statute in question was before the supreme court in Walden v. Robertson, 120 Mo. 38. It was fully considered and construed in that case, and the conclusion reached that it would entitle a party, who had agreed under one contract with the owners to erect a number of houses for $500 each, to enforce in one suit and against all the houses the amount due under his contract. The object of the statute was remedial and intended to do away with the necessity of filing liens against each building for the amount used therein. If the construction should be put upon it (contended for by appellant), there would be no substantial difference between the rights of a materialman before and after the passage of the amendatory act, or rather its purpose to enlarge and extend his rights and remove the practical difficulty of showing what amount of material was used in each particular dwelling, would be defeated. We can not therefore concur in appellants' view of this statute.

Our conclusion is that the judgment in this case should be affirmed. All concur.