FREDERICK WALKENHORST, Respondent, *v.* FELIX COSTE *et al.*, Appellants.

*Mechanic's Lien—Parties.*—In a suit by a material man to enforce a mechanic's lien, the original contractors with the owner are properly made parties defendant although no judgment can be rendered against them. (Acts, 1857, p. 669, § 8.)

*Mechanic's Lien—Judgment.*—In a suit to enforce a mechanic's lien it is erroneous to enter judgment for the debt against the owner and other defendants not parties to the contract with the plaintiff.

*Appeal from St. Louis Law Commissioner's Court.*

*Colman*, for appellants.

I. The court below erred in overruling the demurrer filed by the defendants, Coste, Barnet & Weber. The defendants Barnet & Weber were not, nor was either of them necessarily or properly parties to the action. They were not "parties to the contract" on which the action was founded, nor "interested in the matter in controversy and in the

property charged with the lien," or in either. (Acts, 1857, p. 669, § 8.)

The case does not fall within, and cannot be governed by, the principle of the case of Ashby v. Winston, 26 Mo. 210.

II. The judgment rendered by the Law Commissioner's Court was unauthorized, and is irregular and illegal.

*a.* The judgment is not based upon, or authorized by, the pleadings in the action. (Patrick v. Abeles, 27 Mo. 184.)

*b.* It finds that all of the defendants are indebted to the plaintiff, whereas the petition only charges Foster to be indebted.

*R. F. Wingate*, for respondent.

BATES, Judge, delivered the opinion of the court.

This was a suit for the enforcement of a mechanic's lien. The building was owned by Coste; Barnet & Weber were contractors to erect it; Foster was a contractor with them to do the brick work, and the plaintiff, under a contract with Foster, furnished brick, for which the lien was filed. Barnet & Weber were the contractors for the erection of a row of seven buildings owned by different persons, Coste being the owner of one of them. Foster had one contract with Barnet & Weber to do the brick work of the whole seven, and the plaintiff, under one contract with Foster, furnished brick for the whole seven, and, having a balance due him from Foster, divided up his account so as to charge a portion of it against each building, as they were owned by different individuals.

This suit was brought against Foster, Barnet & Weber and Coste, the owner of one of the buildings. Coste, Barnet & Weber demurred to the petition for a misjoinder of parties defendant in making Barnet & Weber parties. The demurrer was overruled. Barnet & Weber stood upon the demurrer. Coste answered over. Foster answered.

There was a trial, and judgment given for the plaintiff. The judgment was general against all the defendants and special against the property.

The defendants asked several instructions, to the effect

that plaintiff could not divide up his account so as to charge each building separately with a lien. They were refused. The court gave, on motion of the defendants, this instruction:

" Unless the court shall find that the brick in question were delivered to and for, or were used in the erection of the building in question, then the plaintiff cannot recover against any of the defendants other than Foster, or have or enforce any lien against the property in question."

There was no error in making Barnet & Weber parties. They may not have been necessary parties, but they could lawfully be made defendants. (Acts, 1857, p. 669, § 8.) The demurrer was properly overruled.

The instruction given stated the law correctly, and there was no error in refusing the others, because the plaintiff's right to a lien upon the property does not depend upon the character of his contract with Foster in respect to the matters on account of which objection is made to it. If he furnished brick which were used in the building, he is entitled to his lien upon it, unless his contract directly debarred him from it.

The judgment must, however, be reversed, because it is general against all the defendants, not only the debtor of the plaintiff but the first contractors and the owner of the building.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.