WRIGHT v. BEARDSLEY, *Appellant.*

**Mechanic's Lien**: DESCRIPTION OF THE LAND TO BE COVERED. The statement filed for the purpose of asserting a mechanic's lien should so describe the land upon which the house is situated and the acre of ground intended to be covered by the lien, that they can be identified; otherwise no lien will be created.

*Appeal from Adair Circuit Court.*—HON. G. PORTER, Judge.

*Kennan & McIntyre* for appellant.

*J. M. Gordon* for respondent.

NORTON, J.—This suit was instituted in Audrain circuit court to recover the price of lumber and materials furnished defendant for certain buildings by him erected, and for the enforcement of a lien upon the said buildings and ground on which they were situated. The petition contains three counts, each count being founded on a claim for lumber and materials furnished for different and distinct buildings. On the trial plaintiff obtained separate judgments on each count, and for the enforcement of the liens as prayed for. From these judgments defendant has appealed, and seeks a reversal for the reason, as alleged,

that the several statements filed by plaintiff, for the purpose of creating liens neither give a description of the land on which the buildings were situated, nor the one acre of land on which they were respectively located.

It was held by this court in the cases of *Matlack v. Lare*, 32 Mo. 262, and *Williams v. Porter*, 51 Mo. 441, that, if in the statements filed for the purpose of asserting a lien, the land upon which the house is situated, and the acre of ground intended to be covered by it are not described so that they can be identified, no lien is created thereby. Under the rule thus laid down the description contained in the first count as to what land was intended to be covered by the lien is wholly insufficient to sustain the judgment rendered thereon. The only description is as follows: "Said house is situated near the northeast corner of the northeast quarter of southwest quarter of section 9, township 50, range 10, in Audrain county, Missouri." There is no description whatever of the one acre of ground, but it is just such a description as was held to be insufficient to create a lien in the case of *Williams v. Porter, supra.*

The objection made to the sufficiency of the description of the land on which the houses were located, contained in the second and third counts, is not well taken. The mere fact that in the second count the land on which the house is said to be situated, is not described as being in Audrain county, is of no significance, inasmuch as the section, township and range are given, which can place the land no where else than in Audrain county; it sufficiently appearing that the land was in Missouri. *Long v. Wagoner*, 47 Mo. 179. The statements filed which constitute the basis for the lien, asserted and relied upon by plaintiff in the second and third counts of his petition, describe both the land on which the houses are situated and the acre of ground intended to be covered by the lien, so that each tract can be readily identified, and are sufficient to support the judgment rendered by the court on the second and third counts of the petition.

We will, therefore, in all things affirm the judgment rendered upon the second and third counts of the petition, and reverse the judgment upon the first count, and remand the cause in order that plaintiff may recover a personal judgment against the defendant to whom he alleges he furnished the lumber and materials sued for in the first count. *Pickett v. Jones*, 63 Mo. 200; *Williams v. Porter, supra.* Judgment will be entered in accordance with the above. All concur.

REVERSED.