¦Pettis County v. Gibson, *Plaintiff in Error.*

1.  **Deed** : POWERS :. EVIDENCE.   A deed executed under a special power
    will not pass title unless the power was strictly pursued; that this
    was done, cannot be shown by recitals in the deed itself, but must
    appear *aliunde.*

2.  **Practice** : OBJECTIONS TO EVIDENCE. Failure to present an objection
    relating to the legal effect of a written instrument at the time it is
    offered in evidence, does not waive it.   It may afterward be pre-
    sented by instruction to the jury.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD,
                    Judge.

AFFIRMED.

*John F. Philips* for plaintiff in error.

1.   The county was invested by law with the absolute
ownership of and dominion over this land, and had power,
through the county court, to sell, and to deal with it directly
or by agent, as it saw fit.  · Wag. Stat., p. 875, §§ 41, 42 ;
p. 441, § 9 ; p. 408, § 3.   The power to sell also carried
with it the right to make a deed through the president of
its county court.   *Hann. & St. Jo. R. R. Co. v. Marion Co.,*
36 Mo. 304. · The county, in disposing of this land, did
not occupy the position of a mere trustee.   She occupied
a position analagous to that of the government itself—a
landed proprietor.   Her deed was *prima facie* evidence that
all the prerequisites to a sale had been complied with ; es-
pecially so when her authorized agent, Washburn, ascer-
tained the facts of sale and payment, as he recites in his
deed.   *Swartz v. Page,* 13 Mo. 610.   His deed was binding
on the county and passed the legal title.   *Reilly v. Chou-
quette,* 18 Mo. 222.

2.   There is nothing mandatory or exclusive in the
terms of section 4, page 273, 1 Wagner's Statutes, so as to
. prevent the county from disposing of its real estate in any
other manner than through ·a commissioner.   *Clark v.*

*Brown,* 18 Wend. 220; *Stafford v. Ingersol,* 3 Hill 39; *State v. Bittinger,* 55 Mo. 599.

3. The deed of Washburn is in exact conformity to the delegated power. And even if it did not fully refer to the order of his appointment, it being a naked power, the law would uphold the deed as an execution of the power. *Blagge v. Miles,* 1 Story 426; *Hazel v. Hagan,* 47 Mo. 277; *Henry v. Atkison,* 50 Mo. 266; *Campbell v. Johnson,* 65 Mo. 440; *Crane v. Lessee, etc.,* 6 Pet. 598; *McKnight v. Wimer,* 38 Mo. 132, 136; *Gentry v. Robinson,* 55 Mo. 260.

4. The order of the county court shows it had sold certain of the swamp lands; and when it appointed Washburn to make the deed of conveyance on being satisfied, by affidavit of the purchaser, that the purchase money had been paid, and he accordingly made the deed, the county cannot, as against subsequent purchasers, disregard such deed and recover the land in ejectment. *Hann. & St. Jo. R. R. Co. v. Marion Co.,* 36 Mo. 305; *State v. Van Horne,* 7 Ohio St. 331; *Jones v. Mack,* 53 Mo. 147; *Bowlin v. Furman,* 28 Mo. 427, 532; *Kinney v. Mathews,* 69 Mo. 523.

*G. C. Heard* for defendant in error.

1. The deed made by Washburn, purporting to be executed by virtue of the power given him in the order, is not sufficient to convey the county's interest in the land in controversy, unless it appears by proper evidence that this land was embraced in the order. The order does not, of itself, show that he had authority to convey the land to Glasscock, for it does not say that this is swamp land. The only intimation that it was swamp land, and was embraced in the order, is found in the recitals of Washburn's deed. These recitals constitute no evidence, either of his appointment to make the deed, or that he made it in accordance with the power given him in the order. These two essential elements in every conveyance made by an agent, must appear by evidence *aliunde* the deed itself. *Watson v. Wat-*

son, 10 Conn. 77; *Howard v. Lee*, 25 Conn. 1; *Hart v. Stone*, 30 Conn. 94; *Innman v. Jackson*, 4 Me. 237.

2. The deed is void; (*a*) Because the county court did not proceed in the manner pointed out by the statute, (Acts 1869, p. 69, § 6,) in relation to sale of swamp lands; (*b*) Because the court had no power to appoint its presiding justice to execute a deed.

HENRY, J.—This is an action of ejectment by the county, plaintiff, to recover possession of the southeast quarter of the southeast quarter of section 15, township 47, of range 23, lying in Pettis county. By an agreed statement, it appears that, prior to April 10th, 1871, the county owned the tract in question, and defendant claims under a deed of that date, executed by E. W. Washburn, president of the county court of Pettis county, to A. A. Glasscock—subsequent deed from Glasscock to one Allen and one from Allen to him. He introduced, as evidence of his title, the following order made by the county court of Pettis county, at its April term, 1871: "It is ordered by the court that E. W. Washburn, presiding justice of the court, execute and deliver deeds, conveying all the right, title, interest, claim and estate of the county of Pettis, of, in and to any and all swamp lands that have been purchased by individuals, and on their making affidavit that the land has been paid for." He then offered as evidence a deed executed by said Washburn to said Glasscock, which is as follows: "Know all men by these presents, that, whereas the county court of the county of Pettis, in the State of Missouri, by its order duly made and entered of record on the 3rd day of April, 1871, ordered and directed the undersigned, E. W. Washburn, presiding justice of the said county court, to execute and deliver deeds conveying all the right, title, interest, claim and estate of the county of Pettis, in and to any and all swamp lands that had been purchased by individuals from the said county of Pettis, and on their making affidavit that the lands had been paid for; and, whereas, Aldea A.

Glasscock has this day presented to me his written affidavit, subscribed and sworn to according to law; whereas, the said Glasscock testified under oath that he had purchased of the said county of Pettis the following described swamp-lands, situate in the county of Pettis, and that he had paid for the same, to-wit: The southeast quarter of the southeast quarter of section fifteen (15), township forty-seven (47), range twenty-three (23); * * the same having been heretofore purchased by him; and wherein he stated that he had fully and completely paid the said county of Pettis the whole amount of said money for the said lands; now, therefore, I, the undersigned E. W. Washburn, presiding justice of the county court of Pettis county, as aforesaid, for and in consideration of the premises, and by virtue and authority of the power in me vested by said order of said court, do hereby grant, bargain and sell and convey unto him, the said Aldea A. Glasscock, all the right, claim, title and estate of the said county of Pettis, of, in and to the lands hereinbefore described, which I might, or could, by virtue of the authority in me directed by law, to have and to hold the premises hereby conveyed, with all the rights and privileges and appurtenances thereunto belonging, unto him, the said Aldea A. Glasscock, his heirs and assigns forever. In witness whereof, I, E. W. Washburn, presiding justice of the county court of Pettis county, have hereunto set my hand and affixed my seal, this —— day of April, 1871.

E. W. WASHBURN. [SEAL.]
Presiding Justice of the County Court of Pettis County.

To the introduction of this deed plaintiff objected because "the order aforesaid did not authorize said Washburn to make the deed, and because the county could only convey the land by a commissioner, and said deed was not made by such commissioner and did not show a compliance with the order." The court sustained the objection, and instructed the jury to find for plaintiff, which they accord-

ingly did, and from the judgment for plaintiff the defend-
ant has appealed, and the correctness of the ruling and the
instruction given are the principal questions for determina-
tion.

The agency, or authority, of Washburn related only
to swamp lands. It is so expressed in the order, and it
devolved upon defendant to show that the
land in dispute was swamp land, and without
such proof, an essential link in his chain of title was ab-
sent. The recitals in the deed are not competent evidence
that the land had been purchased or paid for by Glasscock,
or was swamp land. The declarations of one assuming to
act as agent of another, are not competent evidence to es-
tablish the agency, or that the matter of business he is
transacting is within the scope of that agency, when the
agency is limited and the very transaction itself does·not
show it to be within the scope of the agency. It·is too
familiar a principle to require the citation of authorities
for its support, that other proof of agency than the decla-
rations of the person claiming that relation to another, is
required before the supposed principal can be held liable
for his acts.

1. DEED: powers: evidence.

Again : By the terms of the order, Washburn was
authorized to execute and deliver deeds conveying the title
of the county to any swamp lands that had been purchased
by individuals, on their affidavit that the land had been
paid for. If such an extraordinary authority can be up-
held, under our statute in relation to the sale and disposal
of swamp lands, yet public policy, equally with well estab-
lished principles of law, requires that the party exercising
it should be held strictly within its terms. While the order
of the court seems to require Washburn to be satisfied
with the affidavit of the purchaser that he had paid for the
land, it does not make that sufficient evidence of a prior
purchase or that the land was swamp land, and nowhere
else in the deed is it distinctly stated that the land was
swamp land or had been purchased by the grantee, except

as it occurs in the recital of the affidavit made by Glasscock.

However this may be, upon the most familiar principles of the law of agency, the court did right in excluding the deed, in the absence of any offer to supplement it with evidence to show that the land was swamp land. One of the objections to the deed as evidence was that it did not show a compliance with the order of the court, and as its recitals are not evidence of the facts recited, this objection was well taken.

But even if the specific objection now urged was not made when the deed was offered, its legal effect in connection with the order, had to be passed upon, and it is never too late to ask the court to determine the legal effect of any instrument of writing introduced as evidence in a cause. Formal objections may be waived, but the question of the legal effect of evidence may be raised at any stage of the trial. If, therefore, the court had admitted the evidence offered, and for the purposes of this decision, we may regard it as in evidence, still with all the other evidence introduced and offered, it showed no title in the defendant, and the instruction of the court to the jury, to find for plaintiff, would have been proper. The judgment is affirmed.

2. PRACTICE: objections to evidence.