CHARLES LECOUTOUR, Appellant, v. F. W. PETERS, Respondent.

St. Louis Court of Appeals, April 3, 1894.

1. **Mechanics' Liens:** JUDGMENT IN JUSTICE'S COURT. When a judgment for the enforcement of a mechanic's lien is rendered in a justice's court on constructive service, it must be against the property against which the lien was filed, and it must accurately describe that property.

2. ———: ———. A mechanic's lien was filed against lot 59 of part of Taylor Place, in the city of St. Louis. The judgment was against part of lot 59 of Taylor Place, and it failed to describe any part, giving merely the boundaries of the whole lot. *Held*, that the judgment was void, for failure to comply with either of said statutory requirements, and that an execution issued on it out of the circuit court should be quashed on motion.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Clopton & Trembley* for appellant.

*F. A. C. McManus* and *Willis H. Clark* for respondent.

ROMBAUER, P. J.—The plaintiff appeals from a judgment, quashing his execution in a mechanic's lien suit upon motion of the defendant owner. The suit was instituted before a justice of the peace, where the plaintiff recovered judgment against both the contractor and owner, neither of whom were personally served or appeared at the trial. The plaintiff thereupon caused a transcript of the judgment to be filed in the clerk's office of the circuit court, under the pro-

visions of section 6165 of the Revised Statutes of 1889, and caused an execution to be issued thereon. The defendant owner appeared in the circuit court and moved to quash the execution, assigning sixteen grounds, upon either of which, as he claimed, the transcript was jurisdictionally defective and the execution unwarranted by law.

The transcript is replete with irregularities and defects. It will suffice to notice one, which is necessarily fatal to the validity of the execution and judgment. The statute, section 6164, provides that, in cases where the defendants before a justice in a mechanic's lien suit are brought in by constructive service, the judgment, if for the plaintiff, shall be that he recover the indebtedness found to be due, and costs of suit, to be levied out of the property charged with the lien therefor, *"which said property shall be accurately described in said judgment."* The property, which is thus described, is the property which is charged with the lien, as the justice has *no jurisdiction* to render judgment in such a suit against any other property.

In the case at bar the lien was filed against lot 59 of part of Taylor Place in the city of St. Louis and the judgment was rendered against a part of lot 59 of Taylor Place in the city of St. Louis. The judgment then proceeds to give the boundary of the whole lot, and not of the part of the lot which it seeks to charge, such part being nowhere described in the judgment. The judgment, therefore, does not correspond with the lien on the one hand, nor does it accurately describe the property on the other, and is void for both reasons. *Williams v. Porter,* 51 Mo. 441; *Ranson v. Sheehan,* 78 Mo. 668; *Lemly v. LaGrange Iron Company,* 65 Mo. 545. As the execution must correspond with the judgment, the execution issued on the judgment ran likewise against a part of the lot of Taylor Place with-

out describing such part. It is now settled in this state that an imperfect description in an execution and sheriff's deed may be aided by parol evidence, provided the premises are *correctly* described. *Landes v. Perkins*, 12 Mo. 238; *Lisa v. Lindell*, 21 Mo. 127; *McPike v. Allman*, 53 Mo. 551. But where the ambiguity is patent, there can be no such aid. In that respect *Evans v. Ashley*, 8 Mo. 177, has never been overruled.

The appellant claims that it appears by the lien, and by his statement filed before the justice, that the whole of the lot was sought to be subjected to the lien, and therefore the word "part" in the judgment and execution should be rejected. We know of no principle that would permit a court thus to correct an execution and judgment on a motion to quash; certainly not in a mechanic's lien proceeding, which, as far as jurisdictional questions and derivation of title are concerned, is *strictissimi juris*. *Ewing v. Donnelly*, 20 Mo. App. 6.

Deeming this matter of itself fatal to the judgment and execution, we deem it needless to pass upon numerous other objections which the respondent claims are equally fatal.

All the judges concurring, the judgment is affirmed.