P. M. BRUNER GRANITOID COMPANY, Respondent, v. F. B. KLEIN et al.; CHARLES H. PECK'S Executors, Appellants.

St. Louis Court of Appeals, March 17, 1903.

1. **Mechanic's Lien:** NOTICE OF CLAIM ON EXECUTORS, SUFFICIENT. The defendant K. did the granitoid and concrete work in the basement of a building erected by Charles H. Peck on a lot in the city of St. Louis. The Bruner Granitoid Construction Company furnished K. about 88 tons of crushed granite of the value of $228.50, which K. used in doing the work, but did not pay for it. The work was finished in the latter part of June, 1899, and on the third day of the ensuing July, Charles H. Peck, the owner of the property, died, leaving a will of which the defendants Stephen

and John A. Peck qualified as executors, July 14th. In October following, plaintiff P. M. Bruner Granitoid Company filed a lien account in the office of the clerk of the circuit court of the city of St. Louis, having previously and in due time, served notice in writing on Stephen and John A. Peck of its claim. This action was instituted to enforce that lien. K. defaulted. *Held*, the notice to Stephen and John A. Peck, although it was served on them as executors, was sufficient to notify them as trustees also.

2. ———: NOTICE, PURPOSE OF. The main object of the preliminary notice of a lienable demand which the statute requires a subcontractor to give to a property-owner, is to warn the latter against paying the original contractor while outstanding claims exist in favor of laborers and materialmen.

3. ———: ———: EXECUTOR OF ORIGINAL CONTRACTOR LIABLE AS HIS DEBTOR. The debt to the original contractor is owed by the owner of the property, and becomes a demand against his estate, if he dies while it is unpaid, which his executors must meet. They represent the deceased owner, and are the parties who ought to be notified.

Appeal from St. Louis City Circuit Court.—*Hon. P. R. Flitcraft*, Judge.

AFFIRMED.

*S. T. G. Smith* and *Thos. S. Meng* for appellants.

(1) The subcontractor's notice of lien must be served on the person who was the owner of the real estate at the time the work was contracted for and done. Hewett v. Truitt, 23 Mo. App. 443; Doyle v. Truitt, 23 Mo. App. 448. (2) And such owner having died prior to the service of notice, there was no person upon whom such notice could be served. Taafe v. Ryan, 25 Mo. App. 56. (3) An executor is not the owner of his testator's real estate, and notice can not be served upon him as such. Belcher v. Schaumburg, 18 Mo. 189.

*Alexander Young* for respondent.

(1) The position taken by appellants' counsel, that the lien in this case must fail for the reason that the notice served by the respondent, it being a subcontrac-

tor, was not served upon the proper parties, is not well taken, and the cases cited by them in support of their position does not sustain their contention. The cases cited from 23 Mo. App. 443, 448, decides only that the absence from the State of the owner of the property, who contracted for the improvements, and a conveyance by such owner of the property to another party, does not authorize the service of the notice of the lien upon the subsequent owners; that the notice must be served upon the party who was the owner at the time the work was contracted for. (2) The case of Belcher v. Schaumburg, 18 Mo. 190, cited by appellants, has no application in this case, for the reason that case was decided under the code of 1845, in which the provisions for the enforcement of mechanic's lien are entirely different from those now in force. R. S. 1845, secs. 8 and 9. In the revision of 1855 were inserted new sections, which are the same as sections 4211 and 12, Revised Statutes of 1899, heretofore referred to.

GOODE, J.—The defendant Klein did the granitoid and concrete work in the basement of a building erected by Charles H. Peck on a lot in the city of St. Louis. The Bruner Granitoid Construction Company furnished Klein about eighty-eight tons of crushed granite of the value of $228.50, which Klein used in doing the work but did not pay for. The job was finished the latter part of June, 1899, and on the third day of the ensuing July, Charles H. Peck, the owner of the property, died, leaving a will of which the defendants Stephen and John A. Peck qualified as executors July 14th. In October following, plaintiff filed a lien account in the office of the clerk of the circuit court of the city of St. Louis, having previously, and in due time, served notice in writing on Stephen and John A. Peck of its claim. This action was instituted to enforce that lien. Klein defaulted.

The defense by the executors is that the will of

Charles H. Peck vested the title to the property in four trustees, to-wit, Stephen, John A. and Belle Peck and Rebecca Dusenbery, and that said trustees were not notified of plaintiff's demand.

The notice, as stated, was given to the executors of Charles H. Peck's will as such, but those executors were likewise two of the trustees appointed by the will. One clause of the will in regard to the duties of the trustees provides that a majority of them may perform any act which the trustees are empowered to perform except certain enumerated acts.

Undoubtedly the notice to Stephen and John A. Peck, although it was served on them as executors, sufficed to notify them as trustees also (Show v. Bryan, 39 Mo. App. 3); and as they constituted one-half of the whole number of trustees, we can not see how any action could have been taken by the trustees in respect to the plaintiff's claim to the prejudice of the estate, because notice was not served on the other two; granting, for the sake of argument, the trustees were the persons to notify.

But we are of the opinion that the proper persons to notify were the executors of the will. The main object of the preliminary notice of a lienable demand which the statute requires a subcontractor to give to a property-owner is, to warn the latter against paying the original contractor while outstanding claims exist in favor of laborers and materialmen. Henry v. Plitt, 84 Mo. 237; Fruin-Bambrick Const. Co. v. Jones, 60 Mo. App. 1; Miller v. Hoffman, 26 Mo. App. 199. The debt to the original contractor is owed by the owner of the property and becomes a demand against his estate if he dies while it is unpaid, which his executors must meet. They represent the deceased owner and would seem to be the parties who ought to be notified.

The general rule is that the notice must be given to the one who owned the property at the time the contract for the improvement was made. Kuhleman v. Schuler,

35 Mo. 142; Brown v. Wright, 25 Mo. App. 54; Koenig v. Boehme, 14 Mo. App. 593. And it has been held that if the property is conveyed while the improvement is in progress, a notice to the grantee is not necessary. Kuhleman v. Schuler, supra; Gale v. Blakie, 126 Mass. 274. The logical deduction from that rule is, that the personal representatives of the owner, after his death, who represent his estate and are liable for what he owed for the improvement, should be notified of the claims of subcontractors, laborers and materialmen in order that said executors may be warned against paying the original contractor in full.

But as the statute law now stands in this State, if a property-owner, who has contracted for an improvement, dies while there is a lienable demand against his property outstanding, his executors or administrators must be made parties to an action to enforce the lien; and it is unnecessary to make his heirs or devisees parties unless there is no executor or administrator. R. S. 1899, sec. 4212. Hence, as Charles H. Peck's executors were not only liable to the original contractor for the cost of the improvement, but were subject to an action by the plaintiff, they unquestionably were entitled to notice of the plaintiff's claim.

It follows that there was no defense shown to the action, and the judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.