# THE KANSAS CITY PUMP COMPANY, Respondent, v. CARL VROOMAN, J. D. COOK, et al., Appellants.

### Kansas City Court of Appeals, October 6, 1913.

1. MECHANIC'S LIENS: Notice of Claim: Sufficiency. V., the general contractor, made a contract with B., a subcontractor, to put the plumbing in a certain building being erected. B. made an arrangement with R. by which the two were to buy the supplies and put them in the building. There was some evidence that a partnership had been formed between S. B. and R. under the name of the Berger Plumbing Co.; but whether there was or not, B. and R. were partners in the purchase of the supplies from plaintiff. They partially installed the supplies in the building and then abandoned the job, and the general contractor finished the installation of the supplies purchased. Plaintiff's lien-claim stated that it was for materials furnished under one entire general contract with "J. R. Riley et al., as Berger Plumbing Company, subcontractors under Carl Vrooman, contractor," and the notice to the owner was that a lien would be claimed for the materials furnished by "J. R. Riley et al. as Berger Plumbing Company, subcontractors under Carl Vrooman, the contractor for making the improvements for you." *Held*, that this notice was sufficient and was not invalid because it did not set out the names of those covered by the "et al." in the notice.

2. ————: ————: Variance Between Lien Claim and Petition. Under the above facts there was no variance between the lien claim and the petition.

3. ————: ————: Partnership. There being no finding of facts, the appellate court cannot tell whether the trial court found against R. as one of the partners or as a joint subcontractor. But as there was evidence tending to show a partnership or at least a holding out of partnership to plaintiff, it will be presumed that the trial court's judgment was based on the fact of partnership either actual or constructive.

4. ————: Non-lienable Items in Account. Where non-lienable items were unintentionally inserted therein, and were easily distinguishable from the rest, and disclaimer was made as to them by plaintiff before judgment and the court struck them out, the inclusion of them in the original account cannot invalidate the lien.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich,* Judge.

AFFIRMED.

*R. E. Rice* and *Austin & Davis* for appellants.

*New, Kennish* and *Krauthoff,* and *John N. Davis,* for respondent.

TRIMBLE, J.—This is a suit to enforce a mechanic's lien upon certain buildings in Kansas City for plumbing supplies furnished by the Kansas City Pump Company purchased of it by B. Berger and J. R. Riley for use in said buildings. The defendant, Carl Vrooman, was the general contractor and the defendant, J. D. Cook, was the owner of the property. It seems that the general contractor, Vrooman, made a contract with Berger, as a subcontractor, to furnish and put in the plumbing, but Berger could not purchase any supplies on his account and made an arrangement with the defendant J. R. Riley by which the two were to buy the supplies and put them in. They went to the Kansas City Pump Company and bought the supplies for the buildings and the same were sold to them and delivered at the buildings by said pump company, but the latter would not sell them to Berger alone and agreed to charge, and did charge them on their books to J. R. Riley. At this time Berger, Riley and Theodore Stegner officed at the same place and some arrangements were made between them, at least between Berger and Riley, to form a partnership under the name of the Berger Plumbing Company. Whether Stegner was ever a member of the partnership or not, there was ample evidence to show that, as to the Kansas City Pump Company, Berger and Riley were partners in the purchase of these supplies. The material purchased was partly installed in the

building, but Berger left the country and Vrooman completed the installation of the supplies. After Berger and Riley had abandoned the job, plaintiff presented an order signed by Berger to Vrooman for the amount of the claim and Vrooman, although the entire bill was charged to Riley, agreed to pay same as soon as a garnishment proceeding against him as a debtor of Berger could be disposed of. He made no objection to the order otherwise.

In preparing and filing its lien claim, plaintiff was not able to definitely ascertain who constituted the firm of the Berger Plumbing Company, or whether that organization had been fully perfected, and, therefore, drew up said lien claim for materials furnished by it under one entitre general contract with "J. R. Riley et al., as Berger Plumbing Company, subcontractors under Carl Vrooman, contractor," and notice to J. D. Cook, the owner, was served upon him that a lien would be claimed for the materials furnished by "J. R. Riley et al., as Berger Plumbing Company, subcontractors under Carl Vrooman, the contractor for making the improvements for you." In the petition to enforce the lien, the subcontractors to whom the materials were sold were described the same way, and it was alleged that Berger, Riley and Stegner were copartners. These three, and also Vrooman and Cook, were made parties defendant. Berger had left the State and the court held that the order of publication against him was insufficient to bring him into court. The suit was thereupon dismissed as to him.

The trial court found in favor of the defendant Stegner and rendered judgment against Riley for $253.36 and enforced the lien on the buildings for that amount. Cook, Vrooman, and the holder of an inferior deed of trust appealed.

Appellants urge that the lien notice to the owner Cook was insufficient because it did not name all the

persons with whom the contract was made and constituting the firm of the Berger Plumbing Company. The notice recited that the materials were furnished in the premises "under contract with J. R. Riley et al., as the Berger Plumbing Company, subcontractors under Carl Vrooman the contractor for making the improvements for you." The notice to the owner in a mechanic's lien proceeding does not exercise the function of a summons, which is to acquire jurisdiction over the owner. Its purpose is merely to notify him of the claim so that he may investigate it before paying and may protect himself in his settlement with the original contractor. In this case the owner was not misled nor prejudiced nor does he claim to have been. Our courts hold that the lien law is highly remedial and a liberal construction should be given its provisions. [Construction Co. v. Jones, 60 Mo. App. 1; Faulkner v. Bridget, 110 Mo. App. 377, l. c. 381; Bruckner, etc., Co. v. Klein, 100 Mo. App. 289, l. c. 292; Knapp Bros. Mfg. Co., v. K. C. Stock Yards Co., 152 S. W. 119.] The allegation in the petition was not contradicted by the facts. Riley and Berger did purchase materials and they were furnished for and went into the buildings. There was no variance between the lien claim and notice on the one hand, and the petition on the other.

There were no findings of facts asked or given, and we cannot know whether the court found against Riley as one of the copartnership or as one of the joint contractors. There was sufficient evidence from which the court could have found a copartnership at least as between Riley and Berger. Certainly so as regards their relation to plaintiff. There was certainly proof enough to establish a holding out as partners on the part of Riley and Berger. [Citizens Bank v. Lowder, 141 Mo. App. 603.]

There were some nonlienable items in the account, but as they were unintentionally inserted therein, and

were easily distinguishable and were separated from the rest of the account, and disclaimer as to them was made by the plaintiff at the trial, and the court struck them out, their inclusion in the account could not invalidate the lien. [Darlington Lumber Co. v. Pottinger, 165 Mo. App. 442; Eau Claire St. Louis Lumber Co. v. Gray, 81 Mo. App. 337.]

The evidence was sufficient to sustain the judgment rendered. In the absence of any findings of fact we must presume the case was tried on the correct theory. The plaintiff sold the materials with the understanding that they were to be used in the buildings, and delivered the materials there, and they were therein actually used. The original contractor was fully aware of the situation and made use of the materials, and both he and the owner were not misled in any way. The judgment should be affirmed. It is so ordered. All concur.