LAWRENCE EDWARD CHANCE and ERMA M. CHANCE, Appellants, v. MYRTLE FRANKE.—No. 37987.—165 S. W. (2d) 678.

Division One, November 10, 1942.

*Orla M. Hill* and *Jesse L. England* for appellants.

164

*W. Donald Dubail, Walter Lambert* and *Oliver F. Erbs* for respondent.

 

HYDE, C.—This is an action in equity to cancel a sheriff's deed and the mechanic's lien judgment on which it is based; and also to determine title to the land involved and for injunctive relief. The court found for defendant and entered judgment of dismissal. Plaintiffs have appealed.

The common source of title is Alice Mischlispy. Defendant claims under the sheriff's sale and deed, based on the judgment ▮▮▮▮ in a mechanic's lien suit in which Alice Mischlispy's grantees, Albert and Mary Hauser, were made defendants. The mechanic's lien suit was commenced in October, 1930, and was an equitable action under Section 3570, R. S. 1939. Plaintiffs claim under a deed from Hauser, made to plaintiff L. E. Chance in June, 1932, and a deed from Alex Halbman and wife (to whom Hauser, as a widower, conveyed in November, 1930), made to L. E. Chance in January, 1932. (Plaintiff Erma M. Chance was not a grantee in either deed.) Plaintiffs did not record these deeds until July 13, 1939. The final decree in the mechanic's lien suit was entered during the September, 1938 term, and the sale thereunder was held on July 10, 1939. However, in April, 1930, Albert and Mary Hauser had conveyed the property to Willard S. and Ida M. Layne. Halbman and the Laynes were also parties to the mechanic's lien suit.

Plaintiffs' claim is that the judgment in the mechanic's lien suit was absolutely void because neither the lien statement nor the petition therein described the land covered by the decree and conveyed by the

sheriff's deed; and also because plaintiffs were never made parties or served with summons or given notice and did not enter their appearance. Plaintiffs' petition was before this court in Chance v. Franke, 348 Mo. 402, 153 S. W. (2d) 378, to which reference is made for further information as to its allegations. That was an appeal from a judgment dismissing plaintiffs' petition in this case. This court said (on that appeal) that "plaintiffs' petition charged that a void judgment was in existence"; that "no issue involving the sufficiency of plaintiffs' petition was presented nisi or here"; and that the trial court erred in dismissing the petition on the ground that the mechanic's lien suit was res adjudicata of plaintiffs' title claims when this matter did not appear from plaintiffs' petition but "by the proof dehors the record proper." This court ruled (on that appeal) that "the plea of res adjudicata has been held a defense to be affirmatively pleaded"; and that plaintiffs were entitled to go to trial on the facts alleged. In other words, our practice does not recognize a speaking demurrer. [See Halloran v. Hackmann (Mo. Sup.), 160 S. W. (2d) 769.] Therefore, this court reversed the judgment of dismissal on the petition, and remanded the case for a trial on the merits on such defenses as might be stated by answer.

Thereafter, defendant filed an answer which did state the defense of res adjudicata. Defendant showed at the trial that plaintiff L. E. Chance was actually a party to the mechanic's lien suit under the name of Leo Chance (as hereinafter set out) so that this alleged ground of invalidity of the judgment was not sustained. Plaintiffs now make several assignments of error concerning irregularities in the decree in the mechanic's lien suit, such as that one of the corporate defendants had forfeited its charter prior to judgment and the petition was not amended as was required by Section 3571, R. S. 1939; that the decree did not dispose of issues relating to one individual defendant; and that defendant herein, who was the purchaser at the sale under the mechanic's lien judgment, was only a straw party and was not the real party in interest. However, defendant's plea of res adjudicata is good as to these defenses for two reasons. First: All parties, who were owners "disclosed by the proper public records," when the equitable mechanic's lien suit was filed, were made parties thereto; and the petition also included all unknown parties who claimed or might claim under the record owners and notice by publication was given to them. [Section 3571, R. S. 1939; see also Uhrig v. Hill-Behan Lumber Co., 341 Mo. 851, 110 S. W. (2d) 412.] Second: The evidence in this case discloses that plaintiff L. E. Chance was later made a party by cross bill and actually served with summons although he was misnamed "Leo" Chance; and that he did employ counsel, file a motion for new trial immediately after the decree was entered, and thereafter attacked the validity of the sale to defendant herein by further proceedings in the original case. He

appealed from the action of the circuit court sustaining the validity of the proceedings in the original case and this appeal was decided adversely to him in the St. Louis Court of Appeals. [Mutual Press Brick & Quarry Co. v. Tomaselli, 154 S. W. (2d) 370.] In that case, some of the same contentions were made as are now made herein and the others made herein could have been raised therein. [United States ex rel. and to Use of First National Bank v. Lufcy, 329 Mo. 1224, 49 S. W. (2d) 8; Cordia v. Matthes, 344 Mo. 1059, 130 S. W. (2d) 597.] Therefore, the plea of res adjudicata is good as to all these contentions.

 This leaves only plaintiffs' contention that the judgment is absolutely void because the lien statement and the original petition did not describe the same land as did the decree. Section 3551, R. S. 1939, requires the lien statement to contain "a true description of the property, or so near as to identify the same." The rule is "that the statutes relating to liens of mechanics and materialmen should receive a liberal construction"; and "the courts have hesitated to hold a misdescription of property fatally defective to the enforcement of the lien, as between the mechanic or materialman and the owner of the property"; nevertheless, where "the land described by plaintiff" was not 'the land on which the improvements were placed, it must be held that the court "acquired no jurisdiction over the subject-matter of the action and that the entire proceeding in such court was a nullity." [Independent Plumbing & Heating Supply Co. v. Glennon (Mo. App.), 287 S. W. (2d) 824.] Plaintiffs' contention here is that the description in the lien statement and original petition described an entirely different tract of land, from that improved and correctly described in the amended petition and decree, because it described land in the south part of Lot 16 of Block 6 of Midland Heights in St. Louis County when the land described in the decree and sold was actually in the north part of Lot 16.

The description in the lien statement and the original petition was, as follows:

"One lot on the south side of the plat of ground in lot No. 16, block No. 6 of Midland Heights recorded in plat book No. 3, page 57 of the St. Louis County, Missouri, having a frontage of fifty feet by a depth of one hundred sixty feet, together with all improvements thereon."

This was likewise the description in the deed from the Hausers to the Laynes. The quitclaim deed from Hausers to L. E. Chance contained this description, to-wit:

"Part of Lot 16 in Block 6 of Midland Heights according to plat book 3, page 57, having a frontage of 50 feet on the west line of Baldwin Avenue by a depth of 160 feet between lines; together with improvements thereon known as and numbered 2433 Baldwin Avenue."

The deeds from Alice Mischlispy to the Hausers, from Hauser to Halbman, and from Halbman to L. E. Chance all contained a full description by metes and bounds the same as contained in the amended petition, decree and sheriff's deed. This description (considered with the description in the deed to Alice Mischlispy) showed that the whole north part of Lot 16, fronting 100 feet on Baldwin Avenue, was owned by Alice Mischlispy, and that she conveyed the south half thereof (to a depth of 160 feet) to the Hausers. It also appears from a plat of Lot 16 (brought here by plaintiffs) that Lot 16, which fronts about 255 feet on Baldwin Avenue, was subdivided into several other lots; that there were only two lots therein with a front of exactly 50 feet on Baldwin Avenue (or on any other street); that these are both in the Mischlispy tract; and that the lot in question here is the south lot or, in other words, the south part of the Mischlispy tract. Obviously this description in the lien statement and original petition referred to the south part of the Mischlispy tract and not to the south part of Lot 16. Since the court, in the mechanic's lien suit, found this to be the same land covered by the decree therein, we must consider that it had this plat or other sufficient evidence before it upon which to base such a finding. Certainly the description, in the decree therein, is not in any way inconsistent with the description in the lien statement, but is in fact fully consistent with it. The correct dimensions of the lot were given, and substantially the same description was used in the quitclaim deed obtained by plaintiff L. E. Chance from Hauser to perfect his title after the mechanic's lien suit was begun. Exactly the same description was used in the Hausers' deed to the Laynes.

This court, in DeWitt v. Smith, 63 Mo. 263 (where one lot was stated to be No. 2 instead of No. 20), held that "it is not necessary that the description should be either full or precise"; but that the description is sufficient (at least as a basis for amendment) "if there appears enough in the description to enable a party, familiar with the locality, to identify the premises intended to be described with reasonable certainty, to the exclusion of others." Here, there was only one other lot in Block 6 of exactly the same dimensions; and by so designating the one herein intended, as the one on the south side of the tract in which they were both located, its identification was surely made reasonably certain to one familiar with the locality. Likewise in Sawyer-Austin Lumber Co. v. Clark, 172 Mo. 588, 73 S. W. 137, this court held a description sufficient (to be cured by amendment) which correctly stated the dimensions ▇▇▇ of a lot although it referred to it as in lot 19 when it and the building erected covered portions of lots 18 and 19; and also when "the specific boundary mentioned . . . erroneously showed that the south, instead of the north, line of Evans Avenue was the beginning point of the lot." [See also Joplin Cement Co. v. Greene County Building & Loan Assn.,

228 Mo. App. 883, 74 S. W. (2d) 250.] Here, both the lot number and the dimensions. were correct. We, therefore, hold that there was a sufficient description, in the lien statement and in the original petition, to form the basis for a valid judgment in the mechanic's lien suit.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur except *Hays, J.,* absent.