HERTEL ELECTRIC COMPANY, Inc.,
Plaintiff-Respondent,

v.

Fred GABRIEL, Defendant,
and

R. L. Butterworth, Defendant-Appellant.

No. 7452.

Springfield Court of Appeals. Missouri.
June 7, 1956.

Breuer & Northern, Rolla, Robert M. Zeppenfeld, St. Louis, for R. L. Butterworth, defendant-appellant.

Hale W. Brown, Kirkwood, T. A. Shockley, Waynesville, for plaintiff-respondent.

STONE, Judge.

In this action to establish a mechanic's lien, plaintiff, Hertel Electric Company, Inc., as a subcontractor, sought a personal judgment for $482.28 and interest against defendant Fred Gabriel, "as original and general contractor," and prayed "a mechanic's lien against the buildings, appurtenances, improvements and land" described in plaintiff's petition and owned by defendant R. L. Butterworth. The *jury verdict* found the issues for plaintiff and against defendant Gabriel in the sum of $585.58 and that plaintiff was "entitled to a mechanic's lien against the real estate" of defendant Butterworth situate in Pulaski County, Missouri, and described in the verdict. The *judgment* was that plaintiff "have and recover of and from the *defendants* the sum of $585.58 as debt and damages aforesaid assessed by the jury." No lien was decreed. (All emphasis herein is ours.)

The first complaint of the sole appealing defendant, R. L. Butterworth, that a *personal* judgment should not have been entered against her obviously is well-founded. Plaintiff did not seek, the evidence did not justify, and the jury verdict did not permit, any such judgment. As in other classes of actions. [McIlvain v. Kavorinos, 358 Mo. 1153, 1157, 219 S.W.2d 349, 351(7)], the judgment in a mechanic's lien suit must be supported by, and must conform to, the verdict in all substantial particulars. Consult State ex rel. Erbs v. Oliver, 361 Mo. 836, 840, 237 S.W.2d 128, 129–130(1); Brooks v. Blackwell, 76 Mo. 309, 310(2); Walkenhorst v. Coste, 33 Mo. 401, 403(2); Croatian-American Bldg. & Loan Ass'n v. Casper, Mo.App., 54 S.W.2d 773, 775; 57 C.J.S., Mechanics' Liens, § 323, p. 1009. The *personal* judgment against defendant Butterworth clearly was unauthorized and cannot stand.

Plaintiff's claim is for "electrical labor, materials, and supplies" furnished for and used at the Tulane Trailer Camp near Fort Leonard Wood in Pulaski County, Missouri. Early in 1951, the tract of 6.19 acres, on which the trailer camp subsequently was located (hereinafter referred to as the tract), was purchased by Harry A. Wachter of Webster Groves, Missouri, who, however, caused the record title to be conveyed to his daughter, defendant Butterworth. According to Wachter, he purchased the tract after a discussion with defendant Gabriel in which Gabriel said "he thought he had a good proposition to start a trailer camp down at Fort Leonard Wood and, if I (Wachter) would buy the ground and furnish the money to build it, he would do the construction of it and take half of the rent for his pay." The precise nature of the relationship between Gabriel and Wachter is not determinable with assurance on the record before us, but Wachter agreed upon trial that he had purchased the tract and was "supposed to pay the bills" incident to establishment of the trailer camp. About the first of April, 1951, Gabriel talked with Fred Hertel, president of plaintiff corporation, about "some electrical work" to be done at the trailer camp. On April 26, 1951, Hertel sent to the camp four electricians in a pickup "loaded down with enough equipment to do the job"; and, on June 27, 1951, defendant Gabriel purchased additional material from plaintiff which was used at the trailer camp.

Pointing out that a mechanic's lien may be sustained only as an incident to a personal judgment against the one with whom the contract for the labor or material was made, who himself either is the owner or his authorized agent or stands in a contractual relationship with the owner or some contractor under him [Macklind Inv. Co. v. Ferry, 341 Mo. 493, 498, 108 S.W.2d 21, 23(3); Braun v. Graham, Mo.App., 211 S.W.2d 494, 496(5); Reese v. Cibulka, Mo. App., 68 S.W.2d 902, 904(3)], defendant Butterworth here insists that plaintiff could not have a lien against her property, because defendant Gabriel (with whom plaintiff contracted) did not own the trailer camp and "never had any dealings" with her. But, defendant Butterworth ignores the important fact that, although, at all times herein material, the *bare record* or *legal* title has reposed in her, her father, Harry A. Wachter, who purchased the tract, has held the *actual beneficial* or *equitable* title thereto. Defendant Gabriel, against whom plaintiff obtained a personal judgment, undoubtedly was the authorized agent of, or occupied a contractual relationship with, Wachter; and, we have no doubt but that Wachter's beneficial and equitable ownership of the tract afforded a foundation for the lien sought by plaintiff, for it has long been settled that one who has *either legal or equitable title* to realty is an "owner" thereof within the contemplation and meaning of the mechanic's lien law. Section 429.150; Sawyer-Austin Lumber Co. v. Clark, 172 Mo. 588, 596, 73 S.W. 137, 139.; Westport Lumber Co. v. Harris, 131 Mo.App. 94, 103, 110 S.W. 609, 611. See also Lee & Boutell Co. v. C. A. Brockett Cement Co., 341 Mo. 95, 112, 106 S.W.2d 451, 457(3); O'Leary v. Roe, 45

Mo.App. 567, 572; Jodd v. Duncan, 9 Mo. App. 417, 420. (All statutory references are to RSMo 1949, V.A.M.S.)

Defendant Butterworth's next complaint is directed to the description of the land to be impressed with a lien. Recognizing that, since the buildings, improvements and land on which plaintiff sought a lien were outside "any town, city, or village," plaintiff could obtain a lien on the land only "to the extent of one acre" [Section 429.010], plaintiff, throughout the instant proceeding, i. e., in its preliminary notice of lien filed with the recorder [Section 429.110], in its lien claim filed with the circuit clerk [Section 429.080], in its petition instituting suit [Section 429.170], and in its principal verdict-directing instruction to the jury, referred to the land on which the improvements were made as "one acre of land being part of a larger tract of land being described as follows, to-wit," following which, in each instance, the "larger tract" of 6.19 acres was described by metes and bounds. In the *jury verdict*, it was found that plaintiff was entitled to a mechanic's lien on "one acre of land situated in Pulaski County, Missouri, and being a part of a larger tract of land, *said one acre* being more particularly described as follows," but the description then following was *not* of "one acre" but was the same description (as had been used throughout the proceeding) of the "larger tract" of 6.19 acres. The *judgment* simply referred to the jury finding "that plaintiff have mechanic's lien against the lands described in petition," although, as we have noted, the judgment did not purport to impress a lien upon any land. The record reflects no effort to fix or define the boundaries of the one acre upon which a lien is sought.

The lien claim is not itself a pleading and, broadly stated, "(a)ll that is required therein is a substantial compliance with the statute [Section 429.080] declaring what that claim shall contain." Mitchell Planing-Mill Co. **v.** Allison, 138 Mo. 50, 57, 40 S.W. 118, 121. The language of the statutory requirement that the lien claim include "a true description of the property, or so near as to identify the same" [Section 429.080] suggests that "possible imperfections" in the description were anticipated by the lawmakers [Oster v. Rabeneau, 46 Mo. 595, 598], perhaps because it was contemplated that claimants, unschooled in the law, might prepare their own preliminary papers. De-Witt v. Smith, 63 Mo. 263, 265. Compare *Banner Lumber Co. v. Robson*, 182 Mo. App. 611, 622, 168 S.W. 244, 245. Thus, where the rights of innocent third parties have not intervened, "the courts have hesitated to hold a misdescription of property fatally defective to the enforcement of the lien" [Independent Plumbing & Heating Supply Co. v. Glennon, Mo.App., 287 S.W. 824, 825; Chance v. Franke, 350 Mo. 162, 167, 165 S.W.2d 678, 680]; and, "the true doctrine" is that, "if the description is specific and definite enough, so as to enable one familiar with the locality to identify the premises intended to be covered by the lien, it will be sufficient." Bradish v. James, 83 Mo. 313, 318(2); Rall Bros. **v.** McCrary, 45 Mo.App. 365, 370–371(2).[1]

However, such indulgent pronouncements with respect to inaccurate, loose or general descriptions of property obviously have been limited, in intent and application, to descriptions *prior to verdict and judgment*. So, it has been said that "(i)f the claim comes into court, it is then time

---

1. Nevertheless, in a number of cases, property descriptions in lien claims have been held fatally defective. See Williams v. Porter, 51 Mo. 441 [said to have "undergone considerable revision" (Jones Lumber Co. v. Snyder, 221 Mo.App. 1227, 1230, 300 S.W. 850, 851)]; Ranson v. Sheehan, 78 Mo. 668 [resting "chiefly on the ground that the rights of a third person had supervened" (Holland v. McCarty, 24 Mo.App. 82, 90) and "so limited as hardly likely to apply to any other case" (Powers & Boyd Cornice & Roofing Co. v. Muir, 146 Mo.App. 36, 51, 123 S.W. 490, 494)]; Wright v. Beardsley, 69 Mo. 548; Matlack v. Lare, 32 Mo. 262; Mayes v. Murphy, 93 Mo.App. 37.

enough to require all the particulars that may be necessary to maintain or defend the action" [Mitchell Planing-Mill Co. v. Allison, supra, 40 S.W. loc.cit. 121; Powers & Boyd Cornice & Roofing Co. v. Muir, 146 Mo.App. 36, 49, 123 S.W. 490, 494]; that, when the lien claim "fails to describe the exact quantity of ground charged with a lien, but includes the quantity in the description of a larger tract, the lienable part will be charged, and *the court will ascertain it and give judgment accordingly*" [Kirkwood Mfg. & Supply Co. v. Sunkel, 148 Mo.App. 136, 143, 128 S.W. 258, 260]; and that, when the original petition describes a tract larger than one acre, plaintiff may "modify his demand" in an amended petition "so long as the amended description keeps within the bounds included by the original description." Powers & Boyd Cornice & Roofing Co. v. Muir, supra, 123 S.W. loc.cit. 494.[2] And, a number of cases indicate that, where the rights of innocent third parties have not intervened [contrast Ranson v. Sheehan, 78 Mo. 668, 673(2)] and the property description in the lien claim or original petition is inaccurate but (as in the instant case) embraces the land on which a lien is sought, the lien claimant may move for appointment by the court of a commissioner who may survey the acre sought to be charged, establish the boundaries thereof, and make a report to the court which would be admissible in evidence. Oster v. Rabeneau, supra, 46 Mo. loc.cit. 599; Rall Bros. v. McCrary, supra, 45 Mo.App. loc. cit. 372; Tual v. Martin, 228 Mo.App. 30, 66 S.W.2d 969. See also Kirkwood Mfg. & Supply Co. v. Sunkel, supra, 128 S.W. loc.cit. 260; Holland v. McCarty, 24 Mo. App. 82, 87.

We are unable to accept plaintiff's suggestion, for which no authority is cited by counsel or found by us, that, by order entered upon an *after-judgment* motion for a survey, the presently undefined boundaries of the acre (on which plaintiff seeks a lien) in the "larger tract" of 6.19 acres might be definitely delineated. Both defendants in the instant case having appeared and answered, under Section 429.-240 "the judgment, if for the plaintiff, shall be against [the] debtor as in ordinary cases, with the addition that if no sufficient property of the debtor can be found to satisfy such judgment and costs of suit, then the residue thereof be levied as provided in section 429.230." The latter statute provides for levy on "the property charged with the lien therefor, *which said property shall be correctly described in said judgment.*" The judgment should conform substantially to the statutory requirements [Farley Bros. v. Cammann, 43 Mo. App. 168, 175]; and, in accordance with the general rule [McManus v. Burrows, 246 Mo. 438, 444, 152 S.W. 3, 5(2); Maloney v. Real Estate Bldg. & Loan Ass'n, 57 Mo.App. 384, 389; 33 C.J.S., Executions, § 70, p. 210], the execution in a mechanic's lien case must, in every essential particular, follow the judgment on which it is issued. Lecoutour v. Peters, 57 Mo.App. 449, 450; Farley Bros. v. Cammann, supra, 43 Mo.App. loc.cit. 175. Absent any prior attempt to locate and define the one acre on which a lien was sought, "no intelligent judgment" impressing a lien could have been rendered in the instant case [Bradish v. James, supra, 83 Mo. loc.cit. 318]; and, even if judgment had been entered in conformity with the jury verdict, the indefinite and imperfect description could not have been changed and corrected upon an *after-judgment* motion for a survey. See Lecoutour v. Peters, supra.

Finally, defendant Butterworth asserts that no lien could be impressed on her realty anyway, because of plaintiff's failure to establish that it had given the "ten days'

---

2. Note also the comments about inaccurate descriptions being sufficient "as a basis for amendment" and "to be cured by amendment" in Chance v. Franke, 350 Mo. 162, 167–168, 165 S.W.2d 678, 680, where the tract had been *"correctly described in the amended petition and decree."*

notice before the filing of the lien" which is required of all subcontractors. Section 429.100. On October 15, 1951, twelve days before its lien claim was filed, plaintiff had filed written notice of lien in the office of the recorder of deeds of Pulaski County, Missouri, thus seeking to avail itself of the provisions of Section 429.110 permitting notice so to be given when "the owner of the property * * * sought to be charged shall not be a resident of this state, or shall have no agent in the county in which said property is situate, or when such owner shall be a resident of the state, but conceals himself, or has absconded, or absents himself from his usual place of abode, so that the notice required by section 429.100 cannot be served upon him." The only evidence on the subject was that defendant Butterworth, the daughter of Harry A. Wachter, lived in his home in Webster Groves, Missouri. Appended to the notice of lien were an affidavit by one of plaintiff's attorneys that on October 13, 1951, defendant Butterworth "could not be located" in Pulaski County, Missouri, "after a due and diligent search," and another affidavit by one David Gross (unidentified in the record) that, on the same date, defendant Butterworth "could not be found" upon "due and diligent search" in the City of St. Louis and St. Louis County, Missouri. But, upon trial plaintiff made no effort to show, and the jury was not required to find, any of the alternative statutory prerequisites to the validity of constructive service of notice under Section 429.110.

We are in hearty accord with the salutary principle that the provisions of our mechanic's lien statutes, being remedial in nature, should be construed liberally to carry out their just and beneficent objects. Fuhler v. Gohman & Levine Const. Co., 346 Mo. 588, 597, 142 S.W.2d 482, 485(5); Dugan Cut Stone Co. v. Gray, 114 Mo. 497, 500, 21 S.W. 854, 855; Better Roofing Materials Co. v. Sztukouski, Mo.App., 183 S.W.2d 400, 402(2). Nevertheless, a mechanic's lien is purely a creature of the statutes [Davis Estate v. West Clayton Realty Co., 338 Mo. 69, 77, 89 S.W.2d 22, 26(2); Fleming-Gilchrist Const. Co. v. McGonigle, 338 Mo. 56, 63, 89 S.W.2d 15, 18(2), 107 A.L.R. 1003; Goodner v. Mosher-Roe Abstract & Guaranty Co., 314 Mo. 151, 155, 282 S.W. 698, 699(1)]; the policy of liberal construction of the lien statutes does not relieve a claimant of the necessity of reasonable and substantial compliance with statutory requirements [Schwartz Materials Co. v. West End Realty & Const. Co., Mo.App., 154 S.W.2d 366, 368(1); Mansfield Lumber Co. v. Johnson, Mo.App., 91 S.W.2d 239, 243(4); Springfield Planing Mill, Lumber & Const. Co. v. Krebs, 196 Mo.App. 432, 435, 193 S.W. 621, 622(1)]; and, in an action to enforce a mechanic's lien, the burden is on the plaintiff to prove such compliance with essential statutory requirements. Roland v. Gassman, Mo.App., 41 S.W.2d 198, 200(4); McMillan & Parker v. Ball & Gunning Milling Co., 190 Mo.App. 340, 346, 177 S.W. 315, 317, reversed on other grounds 275 Mo. 1, 204 S.W. 257. See also Realty Sav. & Inv. Co. v. Washington Sav. & Bldg. Ass'n, Mo.App., 63 S.W.2d 167, 170(2).

Although our courts have employed different language at various times [3] in stating the purposes to be served

---

3. As stated in some of the earlier cases, "(t)he only object of the notice (of lien) is to secure the owner at least ten days' time to investigate the merits of the claim before he decides whether he will pay it, or permit his property to be subjected to a lien" [Miller v. Hoffman, 26 Mo.App. 199, 202; Fruin-Bambrick Const. Co. v. Jones, 60 Mo.App. 1, 5], while others perhaps more aptly say that the principal purpose of such notice is to protect the owner against full payment of the original contractor while subcontractors still have outstanding claims. Henry v. Plitt, 84 Mo. 237, 240; Edward McLundie & Co. v. Mount, 145 Mo.App. 660, 123 S.W. 966, 967; P. M. Bruner Granitoid Co. v. Klein, 100 Mo.App. 289, 73

by a preliminary notice of lien, it is clear that service of such notice is a condition precedent to the right of a subcontractor to sue for enforcement of a lien. Williams & Pearson v. Dittenhoefer, 188 Mo. 134, 143, 86 S.W. 242, 244; R. D. Kurtz, Inc., v. Field, 223 Mo.App. 270, 276, 14 S.W.2d 9, 11; L. J. Mueller Furnace Co. v. Dreibelbis, Mo.App., 229 S.W. 240, 242(6); Edward McLundie & Co. v. Mount, 145 Mo.App. 660, 665–666, 123 S.W. 966, 967; 36 Am.Jur., Mechanics' Liens, Section 123, p. 90. The *manner of service* becomes immaterial where it clearly appears that the owner actually received the written notice of lien (or a copy thereof) not less than ten days prior to filing of the lien claim [Meyer v. Christian, 64 Mo.App. 203, 205; Fruin-Bambrick Const. Co. v. Jones, 60 Mo.App. 1, 4; Miller v. Hoffman, 26 Mo.App. 199, 202–203], but there is no suggestion in the case at bar that either defendant Butterworth or Wachter, the equitable owner, at any time received a copy of the notice of lien. The failure of defendant Butterworth to object to the introduction into evidence of the notice of lien (here emphasized by plaintiff) imparted to such instrument no efficacy which it otherwise would not have had [McAlister v. St. Joseph Street Const. Co., Mo., 181 S.W. 54, 59; Bartlett v. O'Donoghue, 72 Mo. 563, 564(1)]; and, "if it labors under an intrinsic infirmity as to the statutory requirements of such notices, (defendant Butterworth) is still in a position to insist that the record shows an essential omission in the steps necessary to fix a lien upon (her) property." Hydraulic Press Brick Co. v. McTaggart, 76 Mo.App. 347, 351. Consult McMillan & Parker v. Ball & Gunning Milling Co., supra, 177 S.W. loc. cit. 317–318; State v. Kaufman, 45 Mo.App. 656, 660(3); Pettis County v. Gibson, 73 Mo. 502, 507(2); Minter Bros. v. Southern Kansas Railroad Company, 56

S.W. 313. In Ryan v. Kelly, 9 Mo.App. 396, 398, the court simply commented that the notice was required "for obvious reasons." Of course, it does not

Mo.App. 282, 289(2); Nodaway County v. Williams, Mo., 199 S.W. 224, 227(5).

 Although there is, in the record before us, no competent evidence which would have permitted submission to the jury of the issue as to whether or not facts prerequisite to giving of notice to the owner under Section 429.110 existed when the notice was filed on October 15, 1951 [contrast Goodfellow, Lumber Co. v. Blanke, Mo.App., 41 S.W.2d 959, 960–961 (1)], it would seem to be not improbable that such evidence might be available; and, in keeping with the policy of appellate courts to afford every reasonable opportunity for establishing a meritorious claim, we are of the opinion that the cause should be remanded rather than reversed outright. Mansfield Lumber Co. v. Johnson, Mo. App., 91 S.W.2d 239, 244(8); and cases there cited.

 However, Section 512.160(3) directs that "no new trial shall be ordered as to issues in which no error appears." Although the reasonable worth of the labor done and of the material furnished by plaintiff was sharply disputed by defendant Butterworth, there was substantial evidence to support the *amount* of the jury verdict and judgment, and defendant Butterworth, the sole appealing defendant, here makes no complaint as to such *amount* and assigns no error which could have had any effect on the issue as to the *amount* due plaintiff. Under these circumstances, a retrial of the entire case, even as to defendant Butterworth, is neither necessary nor justified. Consult Stith v. St. Louis Public Service Co., 363 Mo. 442, 456–457, 251 S.W.2d 693, 702(17), 34 A.L.R.2d 972; Brown v. Reorganization Inv. Co., 350 Mo. 407, 422, 166 S.W.2d 476, 484(17); Daggs v. Patos, Mo.App., 260 S.W.2d 794, 799 (9); Woods v. Chinn, Mo.App., 224 S.W. 2d 583, 587(5).

have the function of a summons. Kansas City Pump Co. v. Vrooman, 174 Mo.App. 68, 160 S.W. 48, 49.

Accordingly, the judgment of the trial court is set aside in its entirety and the cause is remanded (a) for further proceedings (not inconsistent herewith) and retrial solely on the issue as to whether a lien should be impressed upon a definitely-fixed and properly-described portion (not in excess of one acre) of defendant Butterworth's tract, (b) with directions that, if upon retrial such issue be determined in favor of plaintiff, judgment for $585.58 shall be entered in accordance with Section 429.240 which shall be a personal judgment against defendant Gabriel and a lien against such definitely-fixed and properly-described portion of defendant Butterworth's tract, and (c) with directions that, if upon retrial such issue be determined in favor of defendant Butterworth, judgment be entered in her favor but for $585.58 against defendant Gabriel in personam.

McDOWELL, P. J., and RUARK, J., concur.