## JOHN H. EVANS v. BORCHARD, EHRLICH & CO.

### No. 666.

1. **Res Adjudicata—Fact Case.**—E. sued on a vendor's lien note, and B. E. & Co., subsequent incumbrancers, were not made parties. E. had judgment, and bought the land and went into possession. B. E. & Co. subsequently obtained judgment on their claim with foreclosure on their deeds of trust, and bought the property at sheriff's sale, and received sheriff's deed. When seeking to obtain possession under their writ of possession, they were enjoined by E. See facts under which it is held that the judgment against B. E. & Co. in the injunction suit was not res adjudicata of the right of B. E. & Co. to have their equities adjusted in a subsequent suit.

2. **Issues Must be the Same.**—The equities which B. E. & Co. here assert were not put in issue by the pleadings in the injunction suit, and that case was affirmed upon appeal without prejudice to the rights of appellants therein to afterwards assert their equities. These equities could have been made an issue in the injunction suit, but they were not so made; hence B. E. & Co. were not concluded by that judgment.

3. **Proper Judgment.**—E. is entitled first to the satisfaction of his judgment for the purchase money, and second to any surplus remaining after satisfying B.E. & Co.'s debt. It was not proper for the court to set apart any portion of the land to E.

APPEAL from Cherokee. Tried below before Hon. JAS. T. POLLEY.

*Lee P. Guinn* and *Perkins & Abney*, for appellant.—1. The court erred in overruling the general and special demurrers of the defendant to the petition, and in sustaining the demurrer of plaintiffs to the special plea of the defendant in the first amended answer filed in this cause, as amended in his trial amendment.

The judgment of a trial court of competent jurisdiction is conclusive not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and decided, and a plea of res adjudicata applies to all such matters. Nichols v. Dibrell, 61 Texas, 539; Henderson v. Terry, 62 Texas, 281; Teal v. Terrell, 48 Texas, 491; Monks v. McGrady, 71 Texas, 140; Pishaway v. Runnels, 71 Texas 352; Land and Cattle Co. v. Boon, 73 Texas, 549; Robinson v. Kampmann, 24 S. W. Rep., 529.

2. Where land is sold on a credit in whole or in part, and a lien is retained in the deed and notes for the purchase money, subsequent vendors or incumbrancers are not necessary parties to the suit, and the purchaser gets the title against the subsequent incumbrancers. Ufford v. Wells, 52 Texas, 612; Foster v. Powers, 64 Texas, 247; Land and Cattle Co. v. Boon, 73 Texas, 549; Price v. Moreman, 84 Texas, 596.

*Labatt & Labatt* and *Gregg & Morris*, for appellees.—1. The court did not err in overruling the general and special demurrers of the defendant to plaintiffs' petition on the ground of res judicata. That which is res non judicata can not possibly be res judicata. Appellant can not claim in any pleading res judicata, when the matter at issue is expressly reserved to appellees by a judgment "without prejudice." Reagan v. Evans, 2 Texas Civ. App., 35.

2. Where land is sold on a credit, in whole or in part, and a lien is retained in the deed and notes for the purchase money, subsequent vendees or incumbrancers are not necessary parties to the suit, it is true, but the purchaser does not get absolute title against the subsequent vendees and incumbrancers. Pierce v. Moreman, 84 Texas, 596.

GARRETT, CHIEF JUSTICE.—The appellees brought this suit against John H. Evans, in the District Court of Cherokee County, by the petition filed April 14, 1893. They showed for cause of action, that they were purchasers at sheriff's sale of a certain tract of 125 acres of land, a part of the Helena Kimble grant, situated in Cherokee County; that said sale was made in accordance with a foreclosure in cause number 15,187, Borchard, Ehrlich & Co. v. Judith F. and Van Evans, in the District Court of Galveston County, of two deeds of trust in their favor, executed to secure certain indebtedness of said Judith F. Evans and her husband, on January 24, 1890, for $480, and February 8, 1890, for $150, and which said deeds of trust were duly recorded October 20, 1891. They further represented, that said land had been previously, on November 23, 1886, conveyed to the said Judith F. Evans, wife of said Van Evans, by one W. J. Addis, who received as a part of the consideration thereof a promissory note for $157.25, payable to himself or bearer on January 1, 1889, both said note and the deed retaining the vendor's lien upon the land; and that said deed was duly recorded on May 17, 1889. That in due course of trade, the defendant became the owner and holder of said purchase money note, and thereafter, on June 1, 1891, obtained judgment thereon by confession, in the District Court of Cherokee County, against the said Judith and Van Evans for $190.75, with 12 per cent interest from date thereof, and foreclosure of vendor's lien, and said land was sold under said judgment and bought by the defendant, the said John H. Evans, on August 4, 1891, and he was put in possession thereof.

Petitioners alleged, that their suit in Galveston County was filed April 30, 1890; that they were junior incumbrancers of said land, and were not made parties to said suit to foreclose the vendor's lien, but said suit was brought and waiver of service filed and judgment confessed thereon, without the knowledge of plaintiffs herein, and was done secretly, collusively, and in fraud of plaintiffs' rights; and that said land was bought by the said John H. Evans for the wholly inadequate sum of $200, when it was worth the sum of $1000.

That on or about November 25, 1891, when plaintiffs were seeking to obtain possession of said premises, the said defendant and others brought suit, number 3378, in the District Court of Cherokee County, to enjoin these plaintiffs from taking possession thereof, and to have the title to said land adjudged to be in said John H. Evans, and the deed of the sheriff to these plaintiffs cancelled; that said cause was tried in the District Court of Cherokee County, and these plaintiffs

appealed to the Court of Civil Appeals at Galveston, which affirmed the judgment of the court below without prejudice to the equities of appellants, these plaintiffs.

Plaintiffs' further alleged, that the land was of the value of $1000, which is largely in excess of defendant's judgment for the purchase money. They tendered in court the sum of $257.85, as a sum sufficient to pay off said judgment in full, and offered to pay in addition thereto any further sum that the court might adjudge necessary to reclaim said land; or that a sufficient portion of said land to satisfy said judgment be set apart to the defendant, and the balance be sold to pay plaintiffs' mortgage debt; and they further prayed for such other and further relief in law and equity as is just, meet, and proper.

The defendant demurred to the petition, that it appeared therefrom that the relief sought by the plaintiffs was res adjudicata in said cause number 3378, in the District Court of Cherokee County, brought by the defendant and others against the plaintiffs to enjoin them from taking possession of said land, and in having their sheriff's deed cancelled, and title adjudged to be in the defendant, John H. Evans, who was one of the plaintiffs in that suit. The defendant also pleaded the said suit in bar as res adjudicata of the relief here sought; that in the petition in said cause, this defendant, the plaintiff therein, set up and claimed title to himself to the land described in the petition; that Borchard, Ehrlich & Co. had obtained and procured a deed therefor from the sheriff of Cherokee County, and were asserting title; that said deed was a cloud upon the title of plaintiff therein, this defendant, and prayed judgment to have his title quieted, and for cancellation of the deed of said Borchard, Ehrlich & Co.; that said Borchard, Ehrlich & Co. filed an answer in said cause; that said cause was afterwards, on July 1, 1892, determined in said court, which decreed the title to be in this defendant, and cancelled said deed; and thereafter, on January 12, 1893, said judgment was on appeal affirmed by the Court of Civil Appeals at Galveston. There were attached as exhibits to the answer, the petition in the injunction suit number 3378; the judgment in said suit; the order of sale issued out of the District Court of Galveston County in number 15,187, by virtue of which the sheriff was about to put plaintiffs, Borchard, Ehrlich & Co., in possession of the land; the deed of R. B. Reagan, sheriff of Cherokee County, to Borchard, Ehrlich & Co. for the land in controversy; and the mandate of this court to the court below.

Plaintiffs demurred to the answer setting up res adjudicata.

The court overruled the defendant's demurrer to the petition and sustained plaintiffs' demurrer to the answer, and a trial amendment thereto, which purported to set out the answer of Borchard, Ehrlich & Co. in said injunction suit number 3378.

It was alleged in the trial amendment, that in said cause number 3378, the defendants therein, Borchard, Ehrlich & Co., pleaded title to the land in controversy substantially as alleged in the petition; and

further, that said vendor's lien note had been paid to the said John H. Evans, and discharged before the institution of the suit foreclosing the same, and that all the proceedings in said suit were fraudulent, and a device and scheme to defeat the liens of Borchard, Ehrlich & Co., which were set out in the answer; they further alleged, that they were necessary parties to the said foreclosure suit, and not having been made parties, their equity of redemption in said land was in no way affected by said judgment; but that neither in said answer nor in any of their pleadings did said Borchard, Ehrlich & Co. in any manner plead such equity of redemption, or offer or tender the payment of said purchase money.

Upon the trial, there was shown:

1. The deposit with the clerk of the money tendered by plaintiffs in their petition, $257.87.

2. Conveyance of the land to Judith and Van Evans, as alleged in the petition, and that the consideration therefor was $250 in cash and two notes for $157 and $157.25, payable January 1, 1888, and January 1, 1889, respectively, with 12 per cent interest from date.

3. Judgment in favor of J. H. Evans, against Judith and Van Evans, as recited in the petition.

4. Deeds of trust and judgment, July 10, 1891, in favor of plaintiffs, foreclosing same for $793.37, with interest at 10 per cent per annum.

5. Sheriff's sale on August 4, 1891, in the foreclosure suit number 3322, John H. Evans v. Judith and Van Evans, and purchase of said land by John H. Evans, at bid of $200; and deed for said land from John B. Reagan, as sheriff, to John H. Evans.

6. That the land was worth $1000.

As the appeal here presented is rested upon the action of the court below in overruling the defendant's demurrer presenting the question of res adjudicata, and in sustaining the demurrer of plaintiffs to the answer and trial amendment thereof, pleading the judgment in cause number 3378 in bar and as a conclusion of the cause of action set out in the petition, we may assume that the equities relied upon by the plaintiffs were fully shown. It does not seem to be disputed by the appellant, that although Borchard, Ehrlich & Co. were not necessary parties to the suit of John H. Evans against Judith and Van Evans for the foreclosure of the vendor's lien, they still, as junior incumbrancers, had the right to have whatever equities they might have protected by a proper proceeding, in which they should offer to do equity. This doctrine is fully recognized. Pierce v. Moreman, 84 Texas, 596; 2 Jones on Mort., sec. 1425.

But the contention of appellant is, that the appellees are concluded by the judgment in number 3378, wherein he and others in possession of the land as his tenants sought to enjoin the execution of the writ of possession in favor of the appellees issued from the District Court of Galveston County. The issues made in that case were the validity

of the writ, which appeared to have expired, as it was past return day thereof; the title of the plaintiff therein, John H. Evans, by virtue of his foreclosure; and that title of Borchard, Ehrlich & Co., by reason of their foreclosure, under which they claimed an equity of redemption. We do not think that these issues were changed by the answer; and it would have required affirmative pleading in the nature of a cross-action of Borchard, Ehrlich & Co. to have had recognition of their equity in that suit to have the land sold again. When the case was presented to us on appeal, we were of the opinion that the District Court of Cherokee County only got jurisdiction of the suit because the writ which the sheriff was attempting to enforce had become functus officio and was void; but having obtained jurisdiction, it could hear and determine the other issues. The equities which the plaintiffs here could assert were not put in issue by the pleadings in that suit, and on the appeal this court was of the opinion that such was the case, and affirmed the judgment of the court below without prejudice to the rights of the appellants therein to afterwards assert their equities. The appellee therein, John H. Evans, had acquired the legal title to the land by his foreclosure proceedings, and was entitled to the judgment obtained by him in the absence of pleading and proof on the part of appellants to have such equities as they may have had protected. These equities could have been made an issue in that suit, but they were not so made, and might not have been litigated without further pleading. Hence we are of the opinion that the plaintiffs are not concluded by that judgment.

Since appellant acquired the title to the land by his foreclosure, he is entitled to the surplus, if any, remaining after the satisfaction, first, of his judgment for purchase money, and afterwards, of the lien in favor of appellees. It was not proper for the court to set apart any portion of the land to appellant in satisfaction of his judgment. So the judgment of the court below will be reformed, as above indicated, and in all other respects affirmed.

*Reformed and affirmed.*

Delivered October 25, 1894.