**MOUND CITY SUPPLY COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**WOODLAND DEVELOPMENT CORPORATION et al., Defendants-Respondents.**

No. 32646.

St. Louis Court of Appeals.

Missouri.

April 18, 1967.

Jack E. Koslow, Clayton, for appellant.

Robert C. Jones, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for respondents.

CLEMENS, Commissioner.

Plaintiff Mound City Supply Company sued the defendants for a $5,893 materialman's lien against 23 lots in the Wrenwood subdivision of St. Louis county. The trial court, sitting without a jury, denied the lien. Plaintiff appeals, contending that the evidence compels the granting of its lien under the general mechanic's lien statute, § 429.010, V.A.M.S., and the "contiguous lots statute," § 429.040, V.A.M.S. We review the case on both the law and the evidence. Civil Rule 73.01, V.A.M.R.

The pleadings conceded the parties' status: Plaintiff sells lumber and building supplies. It sold materials on orders placed by defendant Woodland Development Corporation, which was building numerous houses in the Wrenwood subdivision. The defendants Kaufmann, Smiley, Rohlfing, Iliff and Oslica separately own 23 of the 71 lots in the subdivision. The other defendants hold deeds of trust on various lots.

Plaintiff's petition, so far as pertinent to the issue before us, further alleges: Between July 11 and October 30, 1962, at Woodland's request and "under one continuous arrangement," plaintiff supplied $5,893 worth of materials which were used for building homes on the defendant lot owners' 23 contiguous lots in Wrenwood. (The petition was devoid of any allegation of a contract between plaintiff and the defendant lot owners, or between Woodland and the defendant lot owners.) By their answers to this petition the defendants generally denied a contract existed between plaintiff and Woodland Development Corporation, denied that plaintiff furnished the materials, and denied that the materials were used on any of the 23 lots. Defendants' answers also denied that the lots were contiguous. The court tried the case on these pleadings, and upon stipulation of facts and the depositions of plaintiff's president and its salesman.

By their stipulation the parties admitted only that the 23 lots were accurately platted on a map attached to the stipulation and that the amounts of plaintiff's charges were reasonable.

Plaintiff's salesman Gerald Voss testified: He talked with Woodland's Bob Carpenter about selling materials to Woodland for part of the construction in Wrenwood subdivision, giving him a price list of materials. The quoted prices were based on the prospect of plaintiff's furnishing materials for a substantial number of homes. From time to time Woodland placed purchase orders with plaintiff but it also bought materials from other suppliers, particularly when their prices were better. Mr. Voss considered Woodland to be "a definite account." He said nothing about either the delivery or the use of the materials ordered.

Plaintiff's president David S. Turken testified: At various times his company quoted prices to Woodland, and the materials in question were ordered for and delivered to the Wrenwood subdivision. He said he did not know what use was made of any specific materials or what materials went to any particular lot. From time to time plaintiff received and deposited thirteen checks from defendant Community Federal Savings and Loan Association. These checks designated particular lots and represented partial payments on plaintiff's account with Woodland. Mr. Turken endorsed each check under a printed statement waiving plaintiff's lien rights on 13 of the 23 lots.

These pleadings and this evidence are the basis of plaintiff's case for the lien on the 23 lots. The trial court rendered judgment against plaintiff—correctly so, because plaintiff did not meet the statutory requirements for the lien it sought.

Plaintiff's basic right to any lien arises under the general mechanic's lien statute, § 429.010, V.A.M.S. Omitting inapplicable words, it declares:

"Every person who shall furnish any material for any improvements upon land by virtue of any contract with the owner, or his contractor, shall have for materials a lien upon such improvements and upon the [lot] belonging to such owner on which the same are situated * * *."

In an effort to extend its lien to all 23 lots, plaintiff further relies on the contiguous lots statute, § 429.040, V.A.M.S. Again omitting inapplicable words, that statute says:

"When the improvements consist of two or more separate buildings upon contiguous lots, erected under one general contract, it shall not be necessary to file a separate lien upon each lot for the materials furnished in the erection of such improvements."

Plaintiff's evidence fails to show that it met the requirements of either statute.

■ The general statute requires that there be a contract between plaintiff and the lot owner, or that there be a contract between plaintiff and the lot owner's contractor. Plaintiff's evidence failed to show it had a contract with any of the lot owners. Nor did plaintiff's evidence show that there was a contract between its customer, Woodland Development Corporation, and any of the lot owners; in other words, Woodland was not shown to be the lot owners' contractor so as to enable Woodland to bind them in purchasing materials from the plaintiff. As noted earlier, plaintiff's petition did not even allege one of these two necessary contractual relationships.

■ Furthermore, plaintiff failed to meet the requirement of the contiguous lots statute that the improvements be "erected under one general contract." Plaintiff pleaded and proved only that it furnished materials to Woodland Development Corporation "under one continuous arrangement." Plaintiff neither pleaded nor proved one general contract—or, for that matter, any contract at all—between itself and the lot owners or between Woodland and the lot owners.

Since plaintiff's evidence failed to show compliance with either statute, it is doubly precluded from a mechanic's lien on the 23 lots.

The briefs argue four other defenses: there was no substantial evidence that plaintiff's materials went into the homes on any of the 23 lots; the lots were not contiguous; plaintiff had waived its lien on 13 of the 23 lots; and the contiguous lots statute applies only to single ownership, not multiple ownership. Because plaintiff's case failed for want of compliance with the two cited lien statutes, we need not rule on these other defenses.

■ The judgment denied plaintiff's prayer for a money judgment for its account against its customer, Woodland Development Corporation. The evidence may well have warranted that relief; however,

the plaintiff's after-trial motion and its brief challenge only the denial of its claim to a lien, not the denial of a money judgment against Woodland. We consider that issue abandoned. Civil Rule 83.05(e), V.A.M.R.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., WOLFE, J., and THEODORE McMILLIAN, Special Judge, concur.