PARADISE HOMES, INC.,
Plaintiff-Respondent,

v.

Marvin HELTON and Josephine Helton, Kim Kris Development Company, Defendants-Respondents,

and

David Flagg, Defendant-Appellant.

No. 43811.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 15, 1981.

Prudence L. Fink, Union, for defendant-appellant.

Thomas J. Briegel, Union, for defendants-respondents, Marvin and Josephine Helton.

SNYDER, Judge.

Appellant, David Flagg, appeals from a judgment denying a mechanic's lien on respondents', Marvin and Josephine Helton's, property on which appellant had installed a septic system. The judgment is reversed and remanded.

Two issues were raised on appeal. First, whether appellant's failure to submit a legal description of the three acre tract subject to the lien prior to the trial justified denial of the lien. Second, did both Mr. and Mrs. Helton [1] contract with Paradise Homes, Inc. (Paradise), the general contractor, so as to permit appellant, a subcontractor, to be entitled to a lien upon complying with the lien statutes. Both issues are ruled in favor of appellant.

Paradise through its subagent, Kim Kris Development Company (Kim Kris), contracted to build a house for the Heltons on a five acre lot the Heltons owned in unincorporated Franklin County, Missouri. Paradise subcontracted with appellant Flagg to construct and install a jet aeration septic system on the property. Paradise filed a mechanic's lien on the property and sued the Heltons for payment.

Paradise joined appellant as a defendant, appellant having also filed a mechanic's lien against respondents' real property. Appellant filed a cross-claim against the Heltons and a counterclaim against Paradise for payment for the installation of the septic system.

The description of the property in appellant's lien statement stated, "Not more than 3 acres of ..." and then went on to describe the location of the Helton's five acre lot.

At trial appellant's counsel said, "I think the way these things are done is, if the Court would find that we have a mechanic's lien, we would then ask the Court to allow

1. Mr. and Mrs. Helton will sometimes be referred to as "the Heltons" or as "respondents" throughout the opinion.

us to enter the land and have a survey made to mark out the three acres." The court did not respond to counsel's statement. There is no dispute concerning appellant's compliance with the notice, filing and time requirements of the mechanic's lien statutes.

The trial court entered a judgment in the amount of $1,487 in favor of appellant and against Paradise on appellant's counterclaim, but denied the lien. No findings of fact or conclusions of law having been requested by the parties, the court made none and gave no reason for its judgment.

Appellant first asserts that the trial court erred if it based its denial of appellant's lien on appellant's failure to describe specifically the three acres subject to the lien. Appellant argues that his prejudgment request that the court permit him to survey the property in order to specify the three acres saved the description from indefiniteness. The point is well taken.

■ The mechanic's lien law authorizes liens on property located outside incorporated areas to the extent of three acres. § 429.010, RSMo 1978. Section 429.080, RSMo 1978 requires that the lien contain a "true description of the property, or so near as to identify the same, upon which the lien is intended to apply . . . ." Because of the remedial nature of the act, the statute is to be liberally construed. *R. L. Sweet Lumber Co. v. E. L. Lane, Inc.*, 513 S.W.2d 365, 371[5] (Mo. banc 1974); *Hertel Electric Co. v. Gabriel*, 292 S.W.2d 95, 101[9, 10] (Mo. App.1956). Thus, the description need not be letter perfect.

■ When the rights of third parties are not involved, the description must only be "definite enough, so as to enable one familiar with the locality to identify the premises intended to be covered by the lien." *Hertel Electric Co. v. Gabriel, supra* at 99[5, 6]. *Accord, DeWitt v. Smith*, 63 Mo. 263 (1876). Appellant's description, therefore, was sufficient to file the lien and commence this action.

Appellant argues that his prejudgment request that the court permit him to survey

was the proper procedure to secure a specific description. Although appellant's request was somewhat equivocal, it was sufficient to inform the trial court that appellant stood ready to submit a legal description of the three acre tract prior to judgment. A number of cases support appellant's position in situations, such as this one, where the rights of third parties are not involved. *DeWitt v. Smith, supra; Oster v. Rabeneau*, 46 Mo. 595 (1870); *Hertel Electric Co. v. Gabriel, supra; Tual v. Martin*, 228 Mo.App. 30, 66 S.W.2d 969 (1933); *Kirkwood Manufacturing & Supply Co. v. Sunkel*, 148 Mo.App. 136, 28 S.W. 258 (1910); *Rall Brothers v. McCrary*, 45 Mo.App. 365 (1891). *See Ranson v. Sheehan*, 78 Mo. 668 (1883).

These cases support appellant's right to file an indefinite description and later substitute a definite one. In several cases, the description was determined after the trial of the cause had commenced.

The prior decisions do not prescribe a uniform procedure for establishing the description of the three acres subject to the lien. In some of these cases, the court has ordered a survey. *E.g. Tual v. Martin, supra*. In others the court stated a lienor may substitute a definite description by modifying his petition. *Powers & Boyd Cornice & Roofing Co. v. Muir*, 146 Mo.App. 36, 123 S.W. 490, 494 (1909). *See Hertel Electric Co. v. Gabriel, supra*. In still others the courts approved the appointment of a commissioner. *Oster v. Rabeneau, supra; Rall Bros. v. McCrary, supra*. Three commissioners were appointed to select the three acres subject to the lien and to describe the parcel in *S & R Builders v. Marler*, 610 S.W.2d 690, 692 (Mo.App.1980).

Rule 101.16, relating specifically to mechanic's lien actions, which was repealed effective January 1, 1981 but which was in effect at the time of the present action, provided for the appointment of a referee upon the request of a party. Rule 68.01 provides for the appointments by circuit courts of masters who, upon being directed by the court, shall report on particular issues, do or perform particular acts, or receive and report evidence. Either of these

procedures might have been utilized to determine the required description.

The record here does not disclose the reasons for the trial court's denial of the lien. If the lien were denied because plaintiff failed to describe with specificity the three acre parcel subject to the lien, the trial court erred because the cases hold that there are procedures for establishing the boundaries and the description prior to judgment if the right to a lien has been proved.

Respondents understandably argue that the trial court properly denied appellant's lien because he failed to provide the court with an accurate land description of the three acre tract. Respondents cite *Williams v. Cass*, 372 S.W.2d 156 (Mo.App.1963) and *Hertel Electric Co. v. Gabriel*, 292 S.W.2d 95 (Mo.App.1956) to support their argument, but the cases are distinguishable.

In *Williams v. Cass* a lien was sought to be established against an entire tract of 320 acres without reference to the one acre limitation which was in effect at that time. In addition, in *Williams* there was no effort on the part of the plaintiff to survey, locate, define or describe the one acre tract. In the case at bar appellant requested a lien only upon three acres instead of the entire tract and indicated he was prepared to supply a legal description of the three acres.

In *Hertel Electric Co. v. Gabriel, supra* at 100, the court refused to enter an order for a survey upon a motion made after the judgment. Appellant in the case under review requested the court before judgment to order a survey of the property if the lien were granted. Actually *Hertel Electric Co. v. Gabriel, supra* at 100, supports appellant's position by citing the many cases in which lien claimants have come to court without an exact description of the parcels subject to the lien and before judgment established the required descriptions.

Bearing in mind that the mechanic's lien statutes are to be liberally construed this court rules that the trial court erred if it denied appellant's lien because of the failure of appellant to furnish a legal descrip-

tion of the parcel subject to the lien prior to trial.

Respondents suggest appellant should have obtained the required legal description through discovery procedures allowed by the rules. Rule 58.01. Perhaps appellant should have done so, but in this case, it was not essential in order to bring his lien cause of action to trial.

■ Respondents raise the point in their brief that appellant cannot prevail on his lien claim against their real property because it is owned by respondents as tenants by the entirety and at best, only Mr. Helton was a party to the building contract because he alone dealt with Paradise during the construction. Appellant replies that the record shows that both Mr. and Mrs. Helton were parties to the contract with Paradise. Appellant is correct.

If the trial court's judgment was posited on the absence of one of the respondents as a party to the contract, or on the total absence of a contract between respondents and Paradise, the trial court erred. The record clearly establishes that both parties signed the contract for the construction of the house with Kim Kris.

The question then arises whether Kim Kris was the agent of Paradise when Kim Kris entered into the contract with respondents. Appellant's contract was with Paradise Homes, not Kim Kris, and it is necessary for appellant to prove that he contracted either with the owners, or with one who did contract with the owners, in order to be entitled to a lien. § 429.010, RSMo 1978, *Mid-West Engineering & Construction Co. v. Campagna*, 397 S.W.2d 616, 631–632[15] (Mo.1965); *Mound City Supply Co. v. Woodland Development Corp.*, 414 S.W.2d 805, 807[1] (Mo.App.1967); *Hertel Electric Co. v. Gabriel, supra* at 98[3, 4].

A thorough study of the legal file and transcript leads to the conclusion that Kim Kris was indeed the agent[2] of Paradise and that Paradise, therefore, contracted with respondents. Respondents admitted that they both executed the contract with Kim Kris. They admitted they paid only Para-

2. Paradise, in answer to Kim Kris's interrogatories, said Kim Kris was a subagent, not an agent. The result is the same. There was no evidence of an intervening agent.

dise for the work that was done in the construction of the house. In his testimony Mr. Helton said that during construction he dealt only with Paradise, never that he never dealt with Kim Kris, and he admitted on cross-examination that Paradise Homes was the party who was the contractor. This, although in answer to interrogatories, respondents denied the agency between Kim Kris and Paradise.

Therefore, the trial court could not have denied appellant a mechanic's lien either because one of the respondents was not a party to the building contract or because there was no contractual relationship between respondents and Paradise.

Accordingly, the judgment is reversed and the cause remanded with instructions to the trial court to issue such order as it deems best to establish a legal description for the three acre parcel subject to the lien. When the legal description of the three acre parcel is reported to and approved by the court, a judgment should be entered impressing a lien upon the described property in appellant's favor in the amount of $1,487.

The judgment is reversed and the cause remanded.

REINHARD, P. J., and CRIST, J., concur.