BRECKENRIDGE MATERIAL
COMPANY, Plaintiff/Appellant,

v.

BYRNESVILLE CONSTRUCTION
COMPANY, INC., Defendant,

Boling Concrete Construction Company,
Inc., Defendant/Cross–
Claimant/Appellant,

Thomas and Margaret Dudeck,
Defendants/Respondents,

Allan and Lorraine Fischer,
Defendants/Respondents,

Douglas G. Draper, Defendant/Trustee,

and

Mercantile Bank of Jefferson
County, Defendant.

No. 61373.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 8, 1992.

William Sitzer, Lester J. Hubble, St. Louis, for plaintiff/appellant.

Thurman, Howald, Weber, Bowles & Senkel, Louis Jerry Weber, Hillsboro, for respondents.

AHRENS, Judge.

In this mechanic's lien action, plaintiff, Breckenridge Material Company, and defendant/cross-claimant, Boling Concrete Construction Company, Inc., appeal from a dismissal in favor of defendants/respondents, Thomas and Margaret Dudeck and Allan and Lorraine Fischer. We reverse and remand.

Byrnesville Construction Company hired Boling and Boling hired Breckenridge to construct improvements on a tract of land owned by respondents. Byrnesville failed to pay Boling and Boling failed to pay Breckenridge for the labor and material supplied with respect to the property. Boling and Breckenridge filed respective mechanic's liens on April 12, 1991, and April 21, 1991. Both liens contained identical descriptions of the property intended to be affected by the liens.

On May 30, 1991, Breckenridge filed a petition to enforce its mechanic's lien against the real property and its improvements, seeking a money judgment against Boling for $5,985.31 plus interest and

costs.[1] Breckenridge also requested that the trial court adjudge its lien prior and superior to the deed of trust on the property, and named respondents, the lender, and the trustee as defendants.[2] Respondents filed an answer denying the allegations in the petition.

On May 31, 1991, Boling filed its answer and cross-claim seeking enforcement of its mechanic's lien and a money judgment against Byrnesville for $10,109.20 plus interest and costs. As with Breckenridge's petition, Boling in its cross-claim asked the trial court to adjudge its lien prior and superior to the deed of trust on the property, and named respondents, the lender, and the trustee as defendants. Respondents filed an answer denying the allegations.

The cause was set for trial on September 18, 1991. On that date, respondents raised an oral motion to dismiss, alleging insufficiency of the legal descriptions contained in the lien statements. Breckenridge and Boling were granted leave to amend their petitions to include the correct legal description.[3] The trial court sustained the motion to dismiss on October 7, 1991. On December 3, 1991, Byrnesville filed a consent judgment in favor of Boling for $10,109.20 plus interest and costs. On December 11, 1991, Boling filed a consent judgment in favor of Breckenridge for $5,985.31 plus interest and costs.

We review the trial court's sustention of respondents' "motion to dismiss for insufficient legal description" as a dismissal for failure to state a claim upon which relief can be granted.[4] Accordingly, the sole issue for our decision is whether the averments of the petition [and cross-claim] invoke substantive principles of law entitling plaintiff [and cross-claimant] to relief, allowing the pleadings their broadest intendment, treating all facts alleged as true, and construing all allegations in favor of plaintiff [and cross-claimant]. *See Chase Elec. Co. v. Acme Battery Mfg. Co.*, 798 S.W.2d 204, 207–08 (Mo.App.1990).

▪ Section 429.080 RSMo 1986 requires a lien statement to contain "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." The statements at issue here describe two parcels in Jefferson County.[5] With respect to one such parcel, the statements omit two of seven consecutive "thence" statements that describe the land by metes and bounds. The omitted "thence" statements describe two sides of the seven-sided tract; therefore, the parcel as described fails to close.

▪ The mechanic's lien law is remedial in nature and is to be liberally construed. *Paradise Homes, Inc. v. Helton*, 631 S.W.2d 51, 53 (Mo.App.1981). Although a claimant must substantially comply with the statute in order to secure its benefits, *Grgic v. Cochran*, 740 S.W.2d 358, 359 (Mo.App.1987), the description of the property need not be letter perfect. *Paradise*, 631 S.W.2d at 53. Rather, when the rights of third parties are not involved, the description need only be sufficient to enable one familiar with the locality to identify the premises intended to be covered by the lien. *Id., citing Hertel Elec. Co. v. Gabriel*, 292 S.W.2d 95, 99 (Mo.App.1956).

Respondents argue it is the presence or absence of an enclosure in a lien statement description which causes the courts to enforce or reject a mechanic's lien. However,

---

1. A separate count sought judgment against Byrnesville for $1,552.32 in materials and labor supplied under direct contract. This count was dismissed when Breckenridge acknowledged satisfaction of all amounts due thereunder.

2. The lender, Mercantile Bank of Jefferson County, filed a motion to dismiss Boling's mechanic's lien on September 3, 1991. The motion was taken under advisement, to be ruled on when the case was heard on the merits. Mercantile withdrew the motion on September 18, 1991.

3. Although a cross-claimant in the case, Boling was incorrectly denominated a plaintiff at the time of the amendment. On appeal, both parties treat Boling as a plaintiff.

4. We are not persuaded by respondents' argument that the motion is more properly characterized as a "motion to dismiss for want of jurisdiction."

5. There is no dispute that the description of parcel two is accurate.

we are not prepared to find that a lien description of an unenclosed tract may never constitute a proper description of property pursuant to § 429.080 RSMo 1986. Here, the descriptions correctly identified the owners and contained legal descriptions, set forth by metes and bounds, that correctly identified the property's county, section, township, range, total acreage, and five of the seven boundary lines. Although the descriptions identified an unenclosed tract, the listing of the total acreage significantly limited the area subject to the lien and provided some indication of the missing boundaries' location. Under these circumstances, we believe the description sufficient to enable one familiar with the locality to identify the premises intended to be covered by the lien. *See Paradise,* 631 S.W.2d at 53.

In our view, the omission constituted an obvious typographical error; in light of the remedial purpose of the mechanic's lien statute, it would be improper in such case to find the omission fatal to claimants' enforcement of the liens. *See Allied Pools, Inc. v. Sowash,* 735 S.W.2d 421, 426 (Mo. App.1987). Under the limited circumstances of this case, we find the lien statements in substantial compliance with § 429.080 RSMo 1986. Accordingly, the trial court erred in dismissing the petition and cross-claim.

The order of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

CRIST and REINHARD, JJ., concur.