**STATE ex rel. SPRINGFIELD UNDERGROUND, INC.,**
**Relator,**

v.

**The Honorable J. Miles SWEENEY,**
**Respondent.**

**No. SC 84667.**

Supreme Court of Missouri,
En Banc.

April 22, 2003.

Warren E. Harris, Springfield, for Relator.

Danne W. Webb, Richard W. Miller, David R. Vandeginste, Kansas City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Chief Justice.

This is a proceeding in prohibition, arising from the denial of Relator Springfield Underground, Inc.'s Motion to Dismiss and Motion for Summary Judgment. Springfield Underground maintains that the trial court lacks subject matter jurisdiction to proceed with the underlying mechanic's lien foreclosure action because the plaintiff seeks to enforce its lien against the wrong tract of land. The Court of Appeals, Southern District, summarily denied Springfield Underground's petition for a writ of prohibition, and, thereafter, this Court issued a preliminary writ. The writ is now made absolute.

## I.

Springfield Underground conducts a quarry operation on five separate tracts of land, all located within the city limits of Springfield, Missouri. In September 2000, Springfield Underground contracted with Sesco Conveyors & Engineering, Inc. to erect conveyors on "Tract I." Sesco in turn contracted with Pittsburgh Steel & Manufacturing, Inc., plaintiff in the underlying action, to provide labor, supplies and materials for the erection of the conveyors.

After payment for services rendered was withheld, Pittsburgh Steel sought to secure a mechanic's lien on Springfield Underground's property. As required by the mechanic's lien statutes, Pittsburgh Steel served a timely "Notice of Intent to File a Mechanic's Lien" on an officer of Springfield Underground. The notice described the lien property as 3107–J East Chestnut Expressway, the location of Springfield Underground's corporate offices. However, Springfield Underground does not own that property, nor is that property the site on which the conveyors are located.

Pittsburgh Steel then filed a "Statement of Mechanic's Lien" with the circuit clerk of Greene County, Missouri. The parcel of land described therein is not Tract I, the property on which the conveyors are located, nor is it the same property referenced in the Notice of Intent to File a Mechanic's Lien. Instead, the Statement of Mechanic's Lien describes "Tract V," a completely different part of Springfield Underground's property.

Shortly thereafter, Pittsburgh Steel attempted to enforce the lien by filing a petition for foreclosure in the circuit court. In response, Springfield Underground filed a Motion to Dismiss/Motion for Summary Judgment requesting that Pittsburgh Steel's petition be dismissed because the Statement of Mechanic's Lien did not contain a true description of the property upon which the lien was intended to apply, in accordance with section 429.080, RSMo 2000. After conducting a hearing, the motion was overruled.

## II.

As a preliminary matter, the parties dispute the propriety of issuing a writ of prohibition to remedy the improper denial of a motion for summary judgment. Though prohibition is generally unavailable if an appeal would provide adequate relief, this Court has recognized that a

writ of prohibition after the denial of summary judgment is proper if it will prevent unnecessary, inconvenient and expensive litigation. *State ex rel. Police Retirement System of St. Louis v. Mummert,* 875 S.W.2d 553, 555 (Mo. banc 1994); *see also State ex rel. Griffin v. Belt,* 941 S.W.2d 570, 572 (Mo.App.1997); *State ex rel. Anheuser–Busch, Inc. v. Mummert,* 887 S.W.2d 736, 737 (Mo.App.1994). Because in this case those conditions are met, this Court will address the merits of Springfield Underground's claim.

■ Mechanic's liens exist solely by virtue of legislative enactment; therefore, compliance with the legislative enactment is essential to securing the lien. *Patrick V. Koepke Construction, Inc. v. Woodsage Construction Co.,* 844 S.W.2d 508, 512 (Mo. App.1992). Section 429.010, RSMo 2000, the statute that creates mechanic's liens, authorizes a lien on the specific land where the building, erection, or improvements that created entitlement to the lien are located. A party seeking such a lien must comply with section 429.080, which provides that, within six months of the indebtedness, the party must file with the circuit clerk of the proper county a "true description of the property, or one so near as to identify the same, upon which the lien is intended to apply." By the provision's express terms, the property need not be described with absolute precision. *See Breckenridge Material Co. v. Byrnesville Const. Co., Inc.,* 842 S.W.2d 551, 552 (Mo. App.1992); *Hertel Electric Co. v. Gabriel,* 292 S.W.2d 95, 99 (Mo.App.1956). Thus, the decisive question in this case is whether Pittsburgh Steel's Statement of Mechanic's Lien, which described Tract V instead of Tract I, was sufficient to identify the property subject to the lien.

■ As a general rule, statutes relating to mechanic's liens should be liberally construed in favor of lien enforceability.

*Breckenridge Material,* 842 S.W.2d at 552; *Paradise Homes Inc. v. Helton,* 631 S.W.2d 51, 53 (Mo.App.1981); *Hertel Electric,* 292 S.W.2d at 99. Consequently, courts that have had occasion to address the degree of accuracy required under the mechanic's lien provisions have uniformly tolerated minor inaccuracies in the description of property, provided that the description was sufficient to "enable one familiar with the locality to identify the premises intended to be covered by the lien." *Breckenridge Material,* 842 S.W.2d at 552. Courts have drawn a distinct line, however, between a description of property "so near as to identify the same," and that which is fatally defective. This line was articulated over seventy-five years ago in *Ind. Plumbing & Heating Supply Co. v. Glennon,* 287 S.W. 824 (Mo.App.1926), and subsequently adopted by this Court in *Chance v. Franke,* 350 Mo. 162, 165 S.W.2d 678 (1942): "[W]here 'the land described by plaintiff' was not the land on which the improvements were placed, it must be held that the court 'acquired no jurisdiction over the subject-matter of the action and that the entire proceeding in such court was a nullity.'" *Id.* at 680 (quoting *Ind. Plumbing & Heating,* 287 S.W. at 825).

Here, the land described by Pittsburgh Steel in its Statement of Mechanic's Lien was not the land upon which the erectors were placed, but an entirely different tract. Even under the traditionally liberal interpretation of mechanic's lien statutes, such a complete misstatement is in no way adequate to identify the property subject to the lien. If the legislature's express requirement of a "true description" of the lien property, or one "so near as to identify the same," is to have any meaning, a description that is flawed in every regard simply cannot suffice. Because compliance

with section 429.080 is jurisdictional, *id.*, the petition should have been dismissed.

◼ Nevertheless, respondent maintains that Pittsburgh Steel's failure to satisfactorily identify the property subject to the lien does not necessitate dismissal of the foreclosure action, as deficiencies in the property description can be cured by amendment anytime prior to judgment. However, the statutorily prescribed time for filing a lien with the correct description expired on the same day that Pittsburgh Steel filed its petition for foreclosure in the circuit court. As the lien claimant, Pittsburgh Steel bore the responsibility of ensuring proper jurisdiction within the statutory time limitation period, *see* sec. 429.080; *Cent. Wholesale Distribs., a Div. of Topeka Lumber, Inc. v. Day*, 672 S.W.2d 88, 96 (Mo.App.1984), and this time period cannot be extended, *George F. Robertson Plastering Co. v. Altman*, 430 S.W.2d 169, 172 (Mo.1968).

Respondent cites three cases in support of the claim that the petition can now be amended, but all are inapposite. These cases, *Hill Behan Lumber Co. v. Dinan*, 786 S.W.2d 904 (Mo.App.1990); *Paradise Homes, Inc. v. Helton*, 631 S.W.2d 51 (Mo. App.1981); and *Hertel Electric Co. v. Gabriel*, 292 S.W.2d 95 (Mo.App.1956), all hold that lien statements that describe land in excess of the statutory maximum are sufficient to commence foreclosure actions and can be remedied prior to judgment. *Hill Behan*, 786 S.W.2d at 906; *Paradise Homes*, 631 S.W.2d at 53–54; *Hertel Electric*, 292 S.W.2d at 99–100. However, these holdings do not support the proposition that a *wholly defective* property description may be amended anytime prior to judgment, for unlike Pittsburgh Steel's property description, the over-inclusive descriptions encompassed the land properly subject to the lien, and,

in that respect, were "so near as to identify the same." Sec. 429.080.

### III.

In conclusion, Pittsburgh Steel's Statement of Mechanic's Lien failed to substantially comply with the requirements of section 429.080 and thereby deprived the circuit court of jurisdiction over the foreclosure action. Accordingly, the preliminary writ of prohibition is made absolute. Respondent is directed to vacate his order denying the motion to dismiss/motion for summary judgment, and enter judgment in favor of Springfield Underground.

WHITE, WOLFF, BENTON, LAURA DENVIR STITH and TEITELMAN, JJ., and CUNDIFF, SP.J., concur.

PRICE, J., not participating.