### BUTLER SUPPLY AND COMMUNICATIONS CO., Appellant,

v.

### CITIZENS BANK OF NEWBURG, ABP Corporation, and William C. Morgan, Trustee, Respondents.

No. ED 85610.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 8, 2005.

Mitchell D. Jacobs, Clayton, MO, for appellant.

W.H. Thomas, Jr., Emily Woodward, Thomas, Birdsong & Mills, P.C., Rolla, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., GEORGE W. DRAPER III, J. and KENNETH M. ROMINES, J.

## OPINION

PER CURIAM.

Appellant, Butler Supply and Communications Co. ("Butler"), appeals the judgment of the Circuit Court of Franklin County in favor of Respondents, Citizens Bank of Newburg ("Citizens Bank"), ABP Corporation ("ABP Corp."), and William

C. Morgan, Trustee ("Morgan"), on Butler's petition to enforce a mechanic's lien. We affirm.

Butler provides electrical supplies for construction projects. From September of 2002 through February 28, 2003, Butler provided materials at the request of J & C Electrical for the construction of a Comfort Inn in Pacific, Missouri ("the Comfort Inn property"). Specifically, the Comfort Inn property is located at 1320 Thornton Road, Pacific, Missouri.

J & C Electrical filed for bankruptcy at some point in 2003. Butler is currently owed a balance of $23,958.18 for materials used in the construction of the Comfort Inn. ABP Corp. is the owner of the Comfort Inn property. Ashok ("Andy") Patel is ABP Corp.'s registered agent.

In May of 2003, Butler filed a notice of mechanic's lien ("the notice") with the recorder of deeds of Franklin County. On June 10, 2003, Butler filed a mechanic's lien ("the lien") with the circuit clerk of Franklin County.[1] Both the notice and the lien contained the address, real estate description, and owners of property different from the Comfort Inn property. The tract of land described in the notice and the lien is owned by Kishor Patel, the brother of Andy Patel, and Kishor's wife Renu Patel. There is no evidence in the record that Kishor and Renu Patel are connected in any way with the Comfort Inn property at issue in this case.

On September 17, 2003, Butler filed a petition requesting enforcement of the lien. On October 4, 2004, a bench trial was held. On October 6, 2004, the court entered a judgment denying Butler's request to enforce the lien, because the require-

---

1. On June 24, 2003, Citizens Bank filed a deed of trust covering the Comfort Inn prop-

erty. Morgan is the trustee on that deed of trust.

ments of sections 429.100, RSMo 2000[2] and 429.080 were not met. Additionally, the court denied Butler's quantum meruit claim. Subsequently, Butler filed a motion for a new trial which was denied on November 15, 2004. This appeal by Butler followed.

In reviewing a bench-tried case, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

We will first address Butler's fourth point on appeal.

■ In its fourth point on appeal, Butler maintains that the trial court erred in holding that it failed to comply with section 429.080, because the lien provided sufficient notice of the property description to enable anyone to protect its interests.

According to section 429.080, a lien filed with the circuit clerk shall contain "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner or contractor, or both, if known to the person filing the lien...." Section 429.080.

■ Compliance with section 429.080 is a jurisdictional requirement for a party seeking enforcement of a mechanic's lien. *See State ex rel. Springfield Underground, Inc. v. Sweeney*, 102 S.W.3d 7, 9–10 (Mo. banc 2003). If the filing related to the mechanic's lien does not describe the land upon which improvements were made but instead describes an entirely different tract of land, then the description of the property does not suffice to meet the jurisdictional requirements of section 429.080. *See id.* at 9.

Butler's counsel admitted at trial that the legal description of the property was incorrect, and that an incorrect owner's name and property address were listed on the lien. The description of the property on the lien was for a tract of land completely distinct from the Comfort Inn property with different owners. Therefore, in light of the fact that the lien described a parcel of land entirely different than the Comfort Inn property, the trial court did not err in finding that the jurisdictional requirements of section 429.080 were not met. Point denied.

Because the jurisdictional requirements of section 429.080 were not met, we need not address the first, second and third points on appeal in which Butler asserts that the trial court erred in finding that it failed to meet additional requirements set out in Chapter 429.

Based upon the foregoing, we affirm the judgment of the trial court.

2. All statutory references are to RSMo 2000, unless otherwise indicated.