AMBASSADOR FLOOR COMPANY,
Plaintiff,

and

Roettger Concrete Company,
Respondent,

v.

BRUNER BUILDERS LLC, Wootten &
Wootten LLC, Thomas B. Burkemper,
Bank of Old Monroe, Shane C. O'Donnell, Christina J. Flieger, Mortgage
Electronic Registration System, Inc.,
John C. Prinster and JP Morgan
Chase Bank NA, Defendants,

and

Sarah E. Robins, PRLAP, Inc., Bank of
America, N.A., Alice Hrabal, Peoples
Bank and Trust Company, and Dale
Cope, Trustee, Appellants.

No. ED 93835.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2010.

Martin Blanchard, Brandon Rothkopf, Co–Counsel, St. Louis, MO, for appellant.

David Hohman, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Sarah Robins ("Robins"), Bank of America, N.A., PRLAP, Inc., Alice Hrabal ("Hrabal"), Peoples Bank & Trust Co., and Dale Cope (collectively "Defendants") appeal from the trial court's judgment in the Circuit Court of Lincoln County awarding Roettger Concrete Company ("Roettger") mechanic's liens against two residential lots. On appeal, Defendants assert three points of claimed error. In their first and second points, Defendants claim that Roettger failed to prove that it provided the statutorily required notice necessary to impose a mechanic's lien or that the exception to the notice requirement applied. In their final point, Defendants claim that Roettger failed to prove that it was a Missouri corporation in good standing. We affirm in part and reverse in part.

### Factual and Procedural Background

In 2007, Roettger entered into two contracts with Bruner Builders, LLC ("Bruner Builders") to provide and install concrete for new residences at Lots 110 and 117 of the Bridle Spur subdivision in Lincoln County. Roettger completed the work on both lots on September 13, 2007, but Bruner Builders failed to pay Roettger for the work on either lot. After Roettger completed the work, Bruner Builders conveyed title to Lot 110 to Robins. Bank of America, N.A. provided the purchase money loan to Robins, who executed and delivered a deed of trust to Bank of America, N.A. and PRLAP, Inc., as trustee. Bruner Builders also conveyed title to Lot 117 to Hrabal. Peoples Bank & Trust Co. provided the purchase money loan to Hrabal, who executed and delivered a deed of trust to Peoples Bank & Trust Co. and Dale Cope, as trustee.

On February 14, 2008, Roettger filed mechanic's lien statements against both lots with the Circuit Clerk of Lincoln County. Ambassador Floor Company, another contractor who had contracted with Bruner Builders for construction work in the Bridle Spur subdivision, filed a petition against Roettger and Defendants seeking to enforce mechanic's liens. In response, Roettger filed a "Cross–Petition" against Defendants and Bruner Builders, alleging breach of contract and quantum meruit and sought enforcement of mechanic's liens for the work Roettger performed on Lots 110 and 117.[1] For the purposes of this appeal, we are only concerned with Roettger's claims.

On June 16, 2009, the trial court held a bench trial. Roettger's Vice–President, Keith Roettger, testified that the work performed by Roettger on both lots was for new residences. Mr. Roettger also stated that Roettger completed the work on both lots for which Bruner Builder and Roettger had contracted, but Bruner Builder failed to pay. Defendants Robins and Hrabal testified on their own behalf. During cross-examination, Robins admitted that she obtained title insurance on the property and that the title insurance included coverage for mechanic's liens. Hrabal also admitted during cross-examination that she purchased title insurance that provided coverage for mechanic's liens.

In its July 2, 2009 "Findings of Fact, Conclusions of Law and Judgment," the trial court found in favor of Roettger on its claims for breach of contract against Brun-

er Builders for the work completed on Lots 110 and 117. The trial court further concluded that Roettger had valid and enforceable mechanic's liens against Lots 110 and 117 for the payment of Roettger's judgment against Bruner Builders. Defendants filed a motion for new trial, but the trial court declined to rule on the motion. This appeal follows.

### Standard of Review

■ In a court-tried case such as this, we will affirm the judgment of the trial court "unless the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Mo. Land Dev. Specialties, LLC v. Concord Excavating Co., L.L.C.,* 269 S.W.3d 489, 496 (Mo. App. E.D.2008) (*citing Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). We consider the evidence in the light most favorable to the respondent and give the respondent the benefit of all reasonable inferences therefrom. *Gateway Foam Insulators, Inc. v. Jokerst Paving & Contracting, Inc.,* 279 S.W.3d 179, 184 (Mo. banc 2009).

### Discussion

■ In their first two points on appeal, Defendants claim the trial court erred in entering judgment in favor of Roettger because Roettger failed to prove a necessary element of its claims.[2] Defendants contend that Roettger failed to prove that it provided the statutory notice required by Section 429.012 or that the exception to

---

1. In the same action, both Ambassador and Roettger filed suit against a number of other defendants for work performed on other residential lots, but these defendants are not relevant to the resolution of this appeal.

2. In Defendants' brief, they argue that the trial court lacked jurisdiction to enter a judg-

ment in favor of Roettger. However, in light of *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), it is not a jurisdictional question but instead a question of whether Roettger met its burden to prove a condition precedent to the enforcement of a mechanic's lien.

the notice requirement applied.[3] In their third and final point, Defendants argue that the trial court erred in entering judgment in favor of Roettger because Roettger failed to prove its corporate status at trial. Because of our resolution of Defendants' first two points on appeal, we need not address the third point.

 A mechanic's lien acts as a charge on the land "to secure a priority of payment for the performance of labor or the supply of material to buildings or other improvements to be enforced against the particular property in which they have become incorporated." *Lake Ozark Constr. Indus., Inc. v. Osage Land Co., L.L.C.,* 168 S.W.3d 471, 475–76 (Mo.App. W.D.2005) (internal citation omitted). Mechanic's liens were not known at common law but instead are creatures of statute. *Concord Excavating,* 269 S.W.3d at 499. Because mechanic's liens exist only under statute, the party seeking the lien must comply with all statutory requirements and bears the burden of proving such compliance. *State ex rel. Springfield Underground, Inc. v. Sweeney,* 102 S.W.3d 7, 9 (Mo. banc 2003); *Glenstone Block Co. v. Pebworth,* 264 S.W.3d 703, 711 (Mo.App. S.D.2008).

Among the statutory requirements, an original contractor seeking a mechanic's lien must provide the following notice:

### NOTICE TO OWNER

FAILURE OF THIS CONTRACTOR TO PAY THOSE PERSONS SUPPLYING MATERIAL OR SERVICES TO COMPLETE THIS CONTRACT CAN RESULT IN THE FILING OF A MECHANIC'S LIEN ON THE PROPERTY WHICH IS THE SUBJECT OF THIS CONTRACT PURSUANT TO CHAPTER 429, RSMO. TO AVOID THIS RESULT YOU MAY ASK THIS CONTRACTOR FOR "LIEN WAIVERS" FROM ALL PERSONS SUPPLYING MATERIAL OR SERVICES FOR THE WORK DESCRIBED IN THIS CONTRACT. FAILURE TO SECURE LIEN WAIVERS MAY RESULT IN YOUR PAYING FOR LABOR AND MATERIAL TWICE.

Section 429.012.1. Provision of this notice is "a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor." Section 429.012.2. However, the notice requirement of Section 429.012.1 "shall not apply to new residences for which the buyer has been furnished mechanics' and suppliers' lien protection through a title insurance company registered in the state of Missouri." Section 429.012.4. Our courts have declined to find exceptions to the notice requirement beyond this statutory exception. *Gauzy Excavating & Grading Co. v. Kersten Homes, Inc.,* 934 S.W.2d 303, 305 (Mo. banc 1996).

On appeal, Defendants argue that Roettger failed to present sufficient evidence to show that it satisfied the notice requirement or the exception to the notice requirement. Roettger concedes that it failed to provide the statutory notice but contends that it presented sufficient evidence to satisfy the statutory exception. To do so, Roettger must show: (1) the work completed was for new residences; (2) the buyer had been furnished with mechanic's lien protection; and (3) a title insurance company registered in the state of Missouri provided the protection. Section 429.021.4.

Roettger failed to present any evidence that the insurance company providing the mechanic's lien protections was registered in the state of Missouri. Hrabal and Rob-

---

3. All statutory references are to RSMo.2000, unless otherwise indicated.

ins both testified that they purchased title insurance that included mechanic's lien protections; however, they did not provide information about the names of the title insurance companies nor whether they were registered in Missouri. Although we grant Roettger the benefit of all reasonable inferences under our standard of review, we cannot find that there was substantial evidence to support the trial court's judgment where the record lacks any evidence that the company providing title insurance was registered in the state of Missouri.

Roettger failed to prove that the exception of Section 429.012.4 applied, and therefore, Roettger was required to provide the statutory notice of Section 429.012.1. Such notice is a "condition precedent to the creation, existence or validity of any mechanic's lien. . . ." Section 429.012.2. Roettger concedes that it did not comply with this requirement, and as a result, the mechanic's liens are invalid. Points I and II are granted.

### Conclusion

That part of the judgment imposing mechanic's liens against Lots 110 and 117 is reversed. That part of the judgment in Roettger's favor on its claims for breach of contract against Bruner Builders is affirmed.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.